1   JOANNA L. BROOKS, Bar No. 182986
    LITTLER MENDELSON, P.C.
2   Treat Towers
    1255 Treat Boulevard, Suite 600
3   Walnut Creek, CA 94597
    Telephone:   925.932.2468
4   Fax No.:   925.946.9809

5   ANDREW M. SPURCHISE, Bar No. 245998
    ROXANNA IRAN, Bar No. 273625
6   MEL M.C. COLE, Bar No. 293265
    LITTLER MENDELSON, P.C.
7   650 California Street, 20th Floor
    San Francisco, CA 94108.2693
8   Telephone:   415.433.1940
    Fax No.:   415.399.8490

9

    Attorneys for Defendant
10   HANDY TECHNOLOGIES, INC.
    (D/B/A HANDY, F/K/A HANDYBOOK, INC.)

11

12            UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA

14   VILMA ZENELAJ and GRETA        Case No.
    ZENELAJ, individually and on behalf of
15   others similarly situated,         **NOTICE OF REMOVAL OF CIVIL**
                               **ACTION FROM STATE COURT**
16           Plaintiffs,
                               **[28 U.S.C. §§ 1332, 1441, and 1446]**
17      v.

18   HANDYBOOK, INC., also known as     Complaint Filed: October 30, 2014
    HANDYBOOK TECHNOLOGIES, INC.,
19   CORPORATION (dba HANDY) and
    DOES 1 through 100, inclusive,
20
          Defendants.
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1   **TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFFS VILMA ZENELAJ**

2   **AND GRETA ZENELAJ, AND THEIR ATTORNEY(S) OF RECORD:**

3              PLEASE TAKE NOTICE that Defendant HANDY TECHNOLOGIES, INC. (D/B/A

4   HANDY, F/K/A HANDYBOOK, INC.) ("Defendant") hereby gives notice of the removal of the

5   above-entitled action from the Superior Court of the State of California, County of Alameda, to the

6   United States District Court for the Northern District of California.   This Notice of Removal

7   ("Notice") is based on 28 U.S.C. sections 1332, 1441, and 1446, and more specifically the

8   following:

9   **I.      PROCESS, PLEADINGS, AND ORDERS**

10             1.      On or about October 30, 2014, an action was commenced in the Superior Court for

11  the State of California for the County of Alameda entitled *Vilma Zenelaj and Greta Zenelaj v.*

12  *Handybook, Inc. a/k/a Handybook Technologies, Inc., Corp. (dba Handy), and Does 1-100*, and

13  assigned Case No. RG14746429.

14             2.      The Complaint alleges causes of action for: (1) failure to pay overtime wages; (2)

15  failure to pay minimum wages; (3) failure to reimburse required business expenses; (4) failure to

16  provide meal periods; (5) failure to provide rest periods; (6) failure to furnish accurate itemized

17  wage statements; (8) failure to pay earned wages upon discharge; (9) unfair competition; and (10)

18  penalties under the Private Attorneys General Act ("PAGA").

19             3.      Upon agreement between the parties, a copy of the Summons and a copy of the

20  Complaint were sent by mail to defense counsel on November 6, 2014 pursuant to California Code

21  of Civil Procedure section 415.30, along with two copies of a Notice and Acknowledgement of

22  Service.   A true and correct copy of the Summons and Complaint, and all attached documents, are

23  attached hereto as **Exhibit A**.

24             4.      Counsel for Defendant executed the Notice and Acknowledgement of Receipt on

25  November 17, 2014, thereby effecting service as of that date.   A true and correct copy of the

26  executed Notice and Acknowledgement of Receipt is attached hereto as **Exhibit B**.

27             5.      On November 4, 2014, the Superior Court for the County of Alameda assigned the

28  matter to Judge Wynne Carvill in Department 21.   The Superior Court also set the matter for a

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1.
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Complex Determination Hearing on December 9, 2014 and set a Case Management Conference on January 9, 2015.  A true and correct copy of the Notice of Hearing setting the aforementioned hearing dates is attached hereto as **Exhibit C**.

6.    On December 9, Judge Carvill determined the matter to be complex.  A true and correct copy of the Minutes and the Order designating the matter as complex are attached hereto as **Exhibits D** and **Exhibit E**.

7.    Pursuant to 28 U.S.C. section 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendant or filed or received in this action by Defendant.

## II.    TIMELINESS OF REMOVAL

8.    The Complaint was served pursuant to California Code of Civil Procedure section 415.30(c).  Service under section 415.30(c) "is deemed complete on the date a written acknowledgement of summons is executed, if such acknowledgement thereafter is returned to the sender."  *See Star Varga v. United Airlines*, 2009 U.S. Dist. LEXIS 64000, at *9 (N.D. Cal. July 24, 2009) (notice of removal timely filed within 30 days after execution of notice and acknowledgement of receipt); *Chissie v. Winco Foods, LLC*, 2010 U.S. Dist. LEXIS 12333, at *5-6 (E.D. Cal. Feb. 11, 2010) (same).  *Cf. Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal deadline does not start by "mere receipt of the complaint unattended by any formal service").

9.    Therefore, this Notice of Removal is timely in that it is filed within thirty (30) days of execution of the Notice and Acknowledgement of Receipt.

## III.    DIVERSITY JURISDICTION EXISTS

10.    This diversity action may be removed to this Court under 18 U.S.C. sections 1441 and 1446 because this Court has original jurisdiction over this lawsuit under 28 U.S.C. section 1332. Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

//

//

//

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2.
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**A.     This Is An Action Between Citizens Of Different States.**

11.     Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal.

12.     According to the Complaint, Plaintiffs currently reside in Brentwood, California, which is located in Los Angeles County, California.  Ex. A, ¶ 27.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return).  Therefore, Plaintiffs are citizens of California.

13.     Defendant is the creator of an online platform that allows independent service professionals to book cleaning jobs requested by third party customers.  Defendant is a corporation organized and incorporated under the laws of the state of Delaware, and its headquarters is in the state of New York.   (Declaration of Umang Dua ("Dua Decl."), ¶ 2; *see also* Ex. A, ¶ 26.) Defendant's primary administrative and financial offices, including human resources, benefits and payroll, are located in New York, and a substantial majority of the corporate decisions, including operational, executive and administrative policy are all made at its headquarters in New York.  (Dua Decl., ¶ 2.)  For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Thus, Defendant is a citizen of Delaware and New York.

14.     Defendants designated as Does 1 through 10 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal.  28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  The Doe defendants, therefore, need not consent to this removal.

15.     This civil action, therefore, is an action between citizens of different States as Plaintiffs are citizens of California and Defendant is a citizen of New York and Delaware.

**B.     The Amount In Controversy Exceeds $75,000.**

16.     The amount in controversy in this case exceeds $75,000, excluding interest and costs.  A defendant can establish the amount in controversy by the allegations in a complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

not" exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Guas v. Miles, Inc.*, 980 F. 2d 564, 576 (9th Cir. 1992).  The district court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met.  *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

17.    In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint.'"  *Kenneth Rothschild Trust v. Morgan* Stanley *Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is what amount is put "in controversy" by Plaintiffs' Complaint, not what Defendant will actually owe if Plaintiffs prevail.  *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

18.    Defendant denies the validity and merit of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiffs or the putative class are entitled to any damages, civil or statutory penalties or other relief, it is readily apparent that the "amount in controversy" here is in excess of the jurisdictional minimum of $75,000.

19.    As evidenced by Plaintiffs' Prayer for Relief, Plaintiffs seek to recover a myriad of monetary damages, including unpaid overtime, statutory penalties, civil penalties under the PAGA, attorney's fees, and prejudgment interest.  Plaintiff seeks to recover all statutory and/or civil penalties provided by law, including but not limited to, penalties under PAGA for alleged violations of Labor Code sections 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1198, and 2802.  Ex. A, ¶¶ 153-164.  Although the Complaint does not specify a damages amount, an analysis of the relief sought by Plaintiff evidences that the amount in controversy for each Plaintiff exceeds $75,000.00.[1]

---

[1] At this time, Defendant only provides estimates for the amount in controversy as to those Causes of Action for which it could reasonably estimate an amount in controversy based on the allegations of Plaintiffs' Complaint.  For this reason, estimates are not included for Plaintiffs' Third Cause of Action for reimbursement of business expenses, Eighth Cause of Action for failure to remit gratuities, and Ninth Cause of Action for violations of California's unfair competition law.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**1.      Labor Code Violations.**

20.      In their First Cause of Action, Plaintiffs allege that they "regularly worked in excess of eight hours per day and/or forty hours per week without overtime compensation." Ex. A, ¶ 98. Plaintiffs also allege that Plaintiff Vilma was "employed" between April 16, 2014 and June 19, 2014. *Id.*, ¶ 27. A preliminary investigation into Plaintiffs' claims has indicated that Plaintiff Vilma completed approximately 97 jobs booked through the Handy platform during this time. (Dua Decl., ¶ 3.) Plaintiffs also allege that Plaintiff Greta was "employed" between April 16, 2014 and July 2, 2014. FAC, ¶ 27. A preliminary investigation into Plaintiffs' claims has indicated that Plaintiff Greta completed approximately 193 jobs booked through the Handy platform during this time. (*Id.*, ¶ 3.) Plaintiffs allege that they were paid between $15 and $22 per hour for the time they spent in either a home or an office cleaning. *Id.*, ¶¶ 38, 76. Assuming an overtime rate of at least $22.50 ($15.00 x 1.5), and assuming 1 hour of unpaid overtime per job, this amounts to **$6,525** (290 Handy jobs x 1 hour of unpaid overtime x $22.50 per hour) in controversy as to this claim.

21.      In their Second Cause of Action, Plaintiffs allege that they were not compensated for time spent driving between jobs, among other tasks. Ex. A, ¶ 104. Plaintiffs also allege that they were not compensated for the first six hours of work. *Id.* Given that Plaintiffs allege they were paid were paid between $15 and $22 per hour for the time they spent in either a home or an office cleaning (*id.*, ¶¶ 38, 76), the amount in controversy here is at least $90 per Plaintiff ($15 per hour x 6 hours), or **$180**.

22.      In their Fourth Cause of Action, Plaintiffs allege that they worked in excess of five hours and at time ten hours a day without being provided at least half an hour meal period in which they were relieved of their duties. Ex. A, ¶ 113. Plaintiffs allege that because they were not provided with legally mandated meal breaks, they are entitled to one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided. *Id.*, ¶ 114. Plaintiffs allege that Plaintiff Vilma was "employed" between April 16, 2014 and June 19, 2014, or 64 days. *Id.*, ¶ 27. Plaintiffs also allege that Plaintiff Greta was "employed" between April 16, 2014 and July 2, 2014, or 77 days. *Id.* Plaintiffs further allege that they were paid between $15 and $22 per hour for the time they spent in either a home or an office cleaning. *Id.*, ¶¶ 38, 76.

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Assuming that Handy is liable for one hour of pay for each of these days, the amount in controversy here is **$2,115** (141 days x $15 hourly rate).

23.    Plaintiffs' Fifth Cause of Action alleges that Defendant failed to provide proper rest periods and is therefore liable to Plaintiffs for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided.  Ex. A, ¶ 118.  Using the same numbers as the preceding paragraph, and assuming that Handy is liable for one hour of pay for each of these days, the amount in controversy here is **$2,115** (141 days x $15 hourly rate).

24.    In their Sixth Cause of Action, Plaintiffs allege that Defendant knowingly and intentionally failed to comply with Labor Code section 226(a).  Ex. A, ¶ 124.  Accordingly, Plaintiffs seek the greater of actual damages or $50 for the initial pay period and $100 for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000.  *Id.*, ¶ 125. Plaintiffs allege that they were paid three days after completing a job.  *Id.*, ¶ 137.  Assuming that Plaintiffs assert that each job payment counts as a "pay period" (which Defendant denies is appropriate), the amount in controversy here is at least **$8,000** ($50 penalty x 290 jobs = $14,500, not to exceed $4,000 per Plaintiff).

25.    Plaintiffs' Seventh Cause of Action alleges that Defendant is liable to Plaintiffs for 30 days of waiting time penalties under Labor Code section 203.  Ex. A, ¶ 130.  Taking Plaintiffs' claims as true, the amount in controversy here is $3,600 per Plaintiff ($15.00 hourly rate x 8 hours x 30 days), or **$7,200**.

26.    As outlined above, Plaintiffs' compensatory and statutory damages could total in excess of **$26,135**.

## 2.    PAGA Penalties.

27.    Plaintiffs' Tenth Cause of Action for civil penalties under the PAGA must also be considered in determining whether the jurisdictional limit is met.[2]

---

[2] It should be noted that the Ninth Circuit's holding in *Urbino v. Orkin Servs. of Cal.*, 726 F.2d 1118 (9th Cir. 2013), prohibiting the aggregation of the PAGA claims of "*all* aggrieved employees" (emphasis in original) to satisfy the amount in controversy, does not apply to the instant removal as Defendant only addresses the PAGA claims of the individual named Plaintiffs' claims.  *See Patel v. Nike Retail Servs.*, 2014 U.S. Dist. LEXIS 98918, at *29 (N.D. Cal. July 21, 2014) (noting that *Urbino* only dealt with aggregating the claims of all aggrieved employees and also noting that

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

28.     PAGA provides that by following the provisions specified in Labor Code section 2699.3, any provision of the Labor Code which provides for a civil penalty to be collected by the Labor and Workforce Development Agency may be recovered by an "aggrieved employee on behalf of himself or herself or other current and former employees."  Labor Code § 2699(a).

29.     Plaintiffs allege they are entitled to penalties under Labor Code section 226.3 for alleged violations of Labor Code section 226(a), which addresses the provision of accurate itemized wage statements.  Ex. A, ¶ 154.  Labor Code section 226.3 provides penalties for any employer who "failed to provide the employee a wage deduction statement of fails to keep the records required in subdivision (a) of Section 226."  Plaintiffs allege that they were paid three days after completing a job.  *Id.*, ¶ 37.  Assuming that Plaintiffs assert that each job payment counts as a "pay period" (which Defendant denies is appropriate), the amount in controversy with respect to this provision of the Labor Code is approximately **$72,500** (290 jobs x $250 penalty).

30.     Plaintiffs also allege PAGA penalties for alleged violations of Labor Code section 203, which addresses the payment of wages upon termination.  Ex. A, ¶ 155.  Plaintiffs mistakenly rely on section 256, which is only applicable to "seasonal labor" under Division 2, Part 1, Article 2 of the Labor Code.  Since Labor Code section 203 does not have a civil penalty provision associated with it, Labor Code section 2699(f) default penalties would apply.  Assuming that Plaintiffs assert that each job payment counts as a "pay period" (which Defendant denies is appropriate), the amount in controversy here is approximately **$29,000** (290 jobs x $100 penalty).

31.     Plaintiffs also allege PAGA penalties for alleged violations of Labor Code sections 510 and 1194, which address the payment of overtime compensation.  Ex. A, ¶ 157.  Section 558 provides for civil penalties for violations of section 510.  Assuming that Plaintiffs assert that each job payment counts as a "pay period" (which Defendant denies is appropriate), the amount in controversy here is approximately **$14,500** (290 jobs x $50 penalty).

32.     Plaintiffs also seek PAGA penalties for alleged violations of Labor Code section 2802, which addresses reimbursement of business expenses.  Ex. A, ¶ 158.  It does not have a civil

the an individual employee's PAGA claims need not be reduced by 75% for the purposes of calculating the amount in controversy).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

7.
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1    penalty provision associated with it.  Taking Plaintiffs' claims as true, Labor Code section 2699(f)

2    default penalties would apply.  Assuming that Plaintiffs assert that job payment counts as a "pay

3    period" (which Defendant denies is appropriate), the amount in controversy here is approximately

4    **$29,000** (290 jobs x $100 penalty).

5            33.     Plaintiffs also seek PAGA penalties for Defendant's alleged failure to provide meal

6    and rest periods as required under sections 226.7 and 512.  Ex. A, ¶¶ 159, 164.  These sections do

7    not have a civil penalty provision associated with them, and thus, Labor Code section 2699(f)

8    penalties would apply.  Assuming that Plaintiffs assert that each job payment counts as a "pay

9    period" (which Defendant denies is appropriate), the amount in controversy here is approximately

10   **$29,000** (290 jobs x $100 penalty).

11           34.     Plaintiffs also seek PAGA penalties for Defendant's alleged failure to pay minimum

12   wage for all hours worked.  Ex. A, ¶ 160.  Labor Code sections 1194 and 1197 address minimum

13   wage requirements and are recoverable under section 1197.1.  Assuming that Plaintiffs assert that

14   each job payment counts as a "pay period" (which Defendant denies is appropriate), the amount in

15   controversy here is approximately **$29,000** (290 jobs x $100 penalty).

16           35.     Plaintiff also seeks civil penalties under PAGA for alleged violations of Labor Code

17   section 204(a), which are recoverable under section 210.  Ex. A, ¶ 161.  Assuming that Plaintiffs

18   assert that each job payment counts as a "pay period" (which Defendant denies is appropriate), the

19   amount in controversy here is approximately **$29,000** (290 jobs x $100 penalty).

20           36.     Plaintiff also seeks civil penalties under PAGA for alleged violations of Labor Code

21   section 1198, which prohibits the employment of any employee for longer hours than those fixed by

22   the Industrial Welfare Commission.  Ex. A, ¶ 162.  This section does not have a civil penalty

23   provision associated with it, and thus, Labor Code section 2699(f) penalties would apply.  Assuming

24   that Plaintiffs assert that each job payment counts as a "pay period" (which Defendant denies is

25   appropriate), the amount in controversy here is approximately **$29,000** (290 jobs x $100 penalty).

26           37.     Plaintiffs also seek civil penalties under PAGA for alleged violations of Labor Code

27   section 1174(d), which requires employers to keep payroll records showing the hours worked and

28   the wages paid to employees.  Ex. A, ¶ 163.  This section does not have a civil penalty provision

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8.
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1    associated with it, and thus, Labor Code section 2699(f) penalties would apply.   Assuming that

2    Plaintiffs assert that each job payment counts as a "pay period" (which Defendant denies is

3    appropriate), the amount in controversy here is approximately **$29,000** (290 jobs x $100 penalty).

4    Plaintiffs also allege that to the extent Defendant's alleged failure to comply with section 1174(d) is

5    willful, they also seek civil penalties under section 1174.5 for willful violations.  *Id.*  Thus, without

6    conceding the standard for determining a violation here, the amount in controversy could be another

7    **$1,000** (2 individual plaintiffs x $500 one-time penalty).

8          38.    Thus, the total sum alleged under Plaintiffs' individual PAGA claims alone are no

9    less than **$291,000**.

10                         **3.    Attorneys' Fees.**

11         39.    Plaintiffs' individual claims for attorney's fees (e.g., pursuant to California Labor

12   Code §§ 226(h), 1194(a), 2699(g)) must also be considered in determining whether the jurisdictional

13   limit is met.  Attorneys' fees recoverable by statute or contract are also properly included in the

14   amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

15         40.    Assuming attorneys' fees of 25%, the amount in controversy as to attorneys' fees may

16   be approximately **$79,283.75** (0.25 x $317,135).

17         41.    In sum, when the relief sought by Plaintiff is taken as a whole, the amount in

18   controversy for Plaintiff's claims is at least **$396,418.75**, which far exceeds the $75,000 jurisdiction

19   requirement.  Thus, original jurisdiction exists over the claims asserted by Plaintiff.

20   **IV.   VENUE IS PROPER**

21         42.    This action was filed in the Superior Court of the State of California, County of

22   Alameda.  Venue properly lies in the United States District Court for the Northern District of

23   California because that is the district court where the state court action is pending.  28 U.S.C. §

24   1441(a).

25   **V.    INTRADISTRICT ASSIGNMENT**

26         43.    All civil actions which arise in the counties of Alameda, Contra Costa, Del Norte,

27   Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned

28   to the San Francisco Division or the Oakland Division.  *See* N.D. Cal. Civ. L.R. 3-2(d).  Plaintiffs

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

9.
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

1  filed this case in Alameda County, thus assignment in the San Francisco Division or Oakland

2  Division is appropriate.

3  **VI.    NOTICE TO STATE COURT AND PLAINTIFFS' COUNSEL**

4  Concurrently with the filing of this Notice in the United States District Court for the

5  Northern District of California, written notice is being given to Plaintiffs' counsel of record, Laura

6  L. Ho and Byron Goldstein of Goldstein, Borgen, Dardarian & Ho, 300 Lakeside Drive, Suite 1000,

7  Oakland, CA 94612, (510) 763-9800, and David H. Browne and Devin Coyle of Browne Labor Law,

8  475 Washington Blvd., Marina del Rey, CA 90292, (310) 421-4810.  A copy of this Notice will be

9  filed with the Clerk of the Superior Court of the State of California, County of Alameda, as required

10  by 28 U.S.C. § 1446(d).

11  **VII.   CONCLUSION**

12  WHEREFORE, Defendant removes the action now pending against it in the Superior

13  Court of the State of California, County of Alameda, to this Honorable Court, and requests that this

14  Court retain jurisdiction for all further proceedings.

15

16  Dated: December 15, 2014

17

18  */s/ Andrew M. Spurchise*
    ANDREW M. SPURCHISE
19  LITTLER MENDELSON, P.C.
    Attorneys for Defendant
20  HANDY TECHNOLOGIES, INC.
    (D/B/A HANDY, F/K/A HANDYBOOK,
21  INC.)

22
    Firmwide:130278167.4 082196.1011
23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

10.
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT