1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

# EXHIBIT A

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

 **CT Corporation**

**TO:**   Jeff Pedersen
Handy Technologies, Inc.
33 W 19th Street, 6th Floor
New York, NY 10011

**RE:**   **Process Served in New York**

**FOR:**   Handybook, Inc. (Former Name) (Domestic State: DE)
Handy Technologies, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Vilma Zenelaj and Greta Zenelaj, etc., Pltfs. vs. Handybook, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Cover Sheet, Instructions, Addendum, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA<br>Case # RG14746429 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Failure to pay over time, minimum wages, reimburse required business expenses, provide meal periods, provide rest periods |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/17/2014 at 10:43 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | 12/09/2014 at 8:45 a.m. (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Laura L. Ho<br>Goldstein, Borgen, Dardarian & Ho<br>300 Lakeside Drive<br>Suite 1000<br>Oakland, CA 94612<br>510-763-9800 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 771895310301 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 111 Eighth Avenue<br>13th Floor<br>New York, NY 10011 |
| **TELEPHONE:** | 212-590-9070 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

OCT 3 0 2014

CLERK OF THE SUPERIOR COURT
By Louis Staley, Jr.

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HANDYBOOK, INC., also known as HANDYBOOK
TECHNOLOGIES, INC., CORPORATION (dba HANDY)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VILMA ZENELAJ AND GRETA ZENELAJ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* RG14748489 |
|---|---|

Alameda County Superior Court, 1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Laura L. Ho and Byron Goldstein, GOLDSTEIN, BORGEN, DARDARIAN & HO, 300 Lakeside Drive, Suite 1000, Oakland, CA 94612 (510) 763-9800; David H. Browne and Devin Coyle, BROWNE LABOR LAW, 475 Washington Blvd, Marina del Rey, CA 90292 (310) 421-4810

| DATE: *(Fecha)* OCT 3 0 2014 | [signature] | Clerk, by *(Secretario)* Louis Staley, Jr. | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Laura L. Ho (SBN 173179) and Byron Goldstein (SBN 289306)
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000, Oakland, CA 94612
Email: lho@gbdhlegal.com; brgoldstein@gbdhlegal.com
TELEPHONE NO.: (510) 763-9800    FAX NO.: (510) 835-1417
ATTORNEY FOR *(Name):* Plaintiffs Vilma Zenelaj and Greta Zenelaj

FOR COURT USE ONLY

ENDORSED
FILED
ALAMEDA COUNTY

OCT 30 2014

CLERK OF THE SUPERIOR COURT
By: Louis Staley, Jr.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidon

CASE NAME:
Vilma Zenelaj, et al v. Handy Book, Inc., Handybook Technologies, Inc.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG14746429 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

Items 1–6 below must be completed *(see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Ten
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/30/2014
Byron Goldstein
(TYPE OR PRINT NAME)    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Zenelaj, et al. v. Handybook, Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ X ] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case? [ ] yes [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ / ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ X ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes   [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

1  Laura L. Ho (SBN 173179)
   lho@gbdhlegal.com
2  Byron Goldstein (SBN 289306)
   brgoldstein@gbdhlegal.com
3  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
4  Oakland, CA 94612
   Tel: (510) 763-9800
5  Fax: (510) 835-1417

6  David H. Browne (SBN 261345)
   david@brownelaborlaw.com
7  Devin Coyle (SBN 267194)
   dcoyle@workerscounsel.com
8  BROWNE LABOR LAW
   475 Washington Blvd
9  Marina del Rey, CA 90292
   Tel: (310) 421-4810
10 Fax: (310) 421-4833

11 Attorneys for Plaintiffs, Vilma Zenelaj and Greta Zenelaj

ENDORSED
FILED
ALAMEDA COUNTY

OCT 3 0 2014

CLERK OF THE SUPERIOR COURT
By— Louis Staley, Jr.

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                        FOR THE COUNTY OF ALAMEDA

14

| | |
|---|---|
| 15  VILMA ZENELAJ AND GRETA ZENELAJ, individually and on behalf of others similarly situated, | Case No.: Case # **R G 1 4 7 4 6 4 2 9** |
| 16 | **CLASS ACTION** |
| 17          Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| 18  vs. | **(1)   FAILURE TO PAY OVERTIME WAGES (CAL. LAB. CODE §§ 204, 510, 1194 and I.W.C. WAGE ORDERS NO. 5-2001, 15-2001);** |
| 19  HANDYBOOK, INC., also known as HANDYBOOK TECHNOLOGIES, INC., | |
| 20  CORPORATION (dba HANDY) AND DOES 1 through 100, inclusive, | **(2)   FAILURE TO PAY MINIMUM WAGE (CAL. LAB. CODE §§ 1194, 1197, 1197.1 and I.W.C. WAGE ORDERS NO. 5-2001, 15-2001);** |
| 21          Defendants. | |
| 22 | **(3)   FAILURE TO REIMBURSE REQUIRED BUSINESS EXPENSES (CAL. LAB. CODE § 2802);** |
| 23 | |
| 24 | **(4)   FAILURE TO PROVIDE MEAL PERIODS (CAL. LAB. CODE §§ 226.7, 512 and I.W.C. WAGE ORDER NO. 5-2001, 15-2001);** |
| 25 | |
| 26 | |
| 27 | **(5)   FAILURE TO PROVIDE REST PERIODS (CAL. LAB. CODE § 226.7 and I.W.C. WAGE ORDER NO. 5-2001, 15-2001);** |
| 28 | |

(6)  **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS (CAL. LAB. CODE § 226);**

(7)  **FAILURE TO PAY EARNED WAGES UPON DISCHARGE (CAL. LAB. CODE §§ 201-203);**

(8)  **FAILURE TO REMIT GRATUITIES (CAL. LAB. CODE § 351 and UCL, and Tortious Interference with Prospective Economic Advantage);**

(9)  **UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§ 17200-17208 and CAL. LAB. CODE § 1199, 2699.5);**

(10) **PAGA CLAIM FOR CIVIL PENALTIES (LABOR CODE § 2698 *et seq.*)**

**JURY TRIAL DEMANDED**

Plaintiffs Vilma Zenelaj and Greta Zenelaj (collectively referred to as the "Plaintiffs"), on behalf of themselves and all other persons similarly situated, complain and allege as follows:

## I. INTRODUCTION

1. Plaintiffs bring this class action on behalf of themselves and all of the Cleaning Professionals (collectively referred to as "Cleaners") employed by Defendants Handybook, Inc., and DOES 1-100 (collectively referred to "Handy" or "Defendants") in California (collectively referred as "Class Members") from the date four years prior to the filing of this Complaint through the date of trial in this action.

2. Handy violates California law by misclassifying Cleaners as independent contractors when they are, in fact, employees. Due to this unlawful misclassification of Cleaners, Handy has violated numerous provisions of the California Labor Code, including failure to compensate Class Members for all overtime hours worked despite the fact that Plaintiffs and Class Members regularly work overtime, failure to pay a minimum wage for all hours worked, failure to provide meal and rest periods, failure to pay all earned wages at the conclusion of employment, failure to adequately reimburse Class Members for business expenditures incurred and required by their jobs, failure to remit gratuities to Class Members, and failure to furnish timely statements accurately showing, among other things, the total hours Class Members worked during each pay period. Plaintiffs also allege that these acts, which violate the California Labor Code, constitute predicate unlawful and unfair business practices in violation of the California Unfair Competition Laws. Plaintiffs also claim civil penalties for the above acts, which violate the California Labor Code, under the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698 *et seq.*

3. In this action, Plaintiffs, on behalf of themselves and all Class Members, seek unpaid overtime compensation, unpaid minimum wages, wages for missed meal and rest periods, reimbursement for required business expenses, unpaid gratuities, statutory penalties, restitution, declaratory and injunctive relief, attorneys' fees and costs, prejudgment interest, and other relief under California Industrial Welfare Commission (I.W.C.) Wage Order 5-2001, 8 Cal. Code of Reg. § 11050 ("Wage Order 5-2001"), California I.W.C. Wage Order 15-2001, 8 Cal. Code of Reg. § 11150 ("Wage Order 15-2001"), California Labor Code ("Labor Code") §§ 201, 202, 203, 204(a), 226, 226.7, 351,

510, 512, 1174(d), 1194, 1197, 1197.1, 1198, 1199, 2699.5, 2802, California Code of Civil Procedure ("CCP") § 1021.5, California Business and Professions Code §§ 17200 *et seq.* ("UCL"), and California common law.

4. The "Class Period" is designated as the time from four years prior to the filing of this Complaint through the trial of this action based upon the allegation that the violations of the Labor Code and UCL, as described more fully below, have been ongoing since at least four years prior to the date of the instant Complaint in this action and are continuing. On information and belief, since Handy has operated in California for less than four years, the Class Period covers the entire period during which Handy, including Exec, which was a California-based company that Handy acquired in 2014, has operated in California.

5. During the Class Period, Handy has had a consistent policy and/or practice of: (1) misclassifying Cleaners as independent contractors instead of properly classifying them as employees; (2) permitting, encouraging, and/or requiring Cleaners to work in excess of eight hours per day and/or in excess of forty hours per week without paying them overtime compensation as required by California state wage and hour laws; (3) failing to pay Cleaners a minimum wage for all hours worked; (4) failing to provide Cleaners with adequate off-duty meal periods of at least one half hour for every five hours worked; (5) failing to provide Cleaners with adequate off-duty rest periods of at least ten minutes for every four hours or major fraction thereof worked; (6) willfully failing to pay compensation owed (including unpaid overtime and meal and rest period compensation) in a prompt and timely manner to Plaintiffs and other Class Members whose employment with Handy terminated; (7) requiring Plaintiffs and Class Members to incur business-related expenses as Cleaners, but failing to fully reimburse them for these costs; (8) knowingly and intentionally failing to furnish timely itemized statements accurately showing the total hours worked by or hourly rate paid to Plaintiffs and Class Members; and (9) failure to remit gratuities to Plaintiffs and Class Members.

6. Handy has misclassified all of its Cleaners as independent contractors when they are, in fact, employees in violation of Wage Order 5-2001 §§ 2(E), 2(F), 2(H) and 3; Wage Order 15-2001 §§ 2(E), 2(F), 2(G), and 3; and, California common law.

551071.6

7. Handy has treated all of its Cleaners as exempt from the California overtime pay requirements and has refused to pay Class Members overtime pay for overtime work, notwithstanding the fact that all such Cleaners are non-exempt employees and entitled to overtime pay under California's wage and hour laws, including Labor Code §§ 510 and 1194 and Wage Order No. 5-2001, 15-2001.

8. During the class period, Handy has failed to maintain a policy that compensates Handy Cleaners an amount equal to or greater than the minimum wage for all hours worked, as required by California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 5-2001 and 15-2001. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation. For example, Handy does not compensate the Cleaners for time spent driving between jobs. Handy only paid its Cleaners for time spent at each job site. As a result of violations of California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 5-2001 and 15-2001 for failure to pay minimum wage, Handy is liable for civil penalties pursuant to California Labor Code §§ 558, 1197.1, and 2698 *et seq.*

9. During the Class Period, Handy has failed to provide Cleaners with an uninterrupted, off-duty thirty (30) minute meal break for each five (5) hours a day worked as required by Labor Code §§ 226.7 and 512 and Wage Order No. 5-2001, 15-2001.

10. During the Class Period, Handy has failed to provide Cleaners with an uninterrupted paid ten (10) minute rest break for each four (4) hours or major fraction thereof worked per day as required by Labor Code § 226.7 and No. 5-2001, 15-2001.

11. During the Class Period, Handy has willfully failed and refused to timely pay wages to former Cleaners at the conclusion of their employment, in violation of Labor Code §§ 201-203.

12. During the Class Period, Handy has required its Cleaners to incur reasonable and necessary business expenses in the course of completing their job duties, but has refused to completely reimburse Cleaners for these work costs, in violation of Labor Code § 2802.

13. During the Class Period, Handy knowingly and intentionally has not furnished each of its Cleaners with timely itemized wage statements accurately showing, among other things, total hours worked or applicable hourly rate paid, as required by Labor Code § 226. Each Cleaner is owed fifty

551071.6

1 dollars ($50) for the initial pay period in which Handy failed to provide a statement showing total

2 hours worked and one hundred dollars ($100) for each subsequent pay period, up to a total of four

3 thousand dollars ($4000).

4     14.     During the Class Period, Handy has informed customers that gratuity is included in the

5 price of service, but it has not remitted gratuities to Cleaners, in violation of Labor Code §351,

6 enforceable pursuant to Cal. Bus. & Prof. Code § 17200 *et. seq.* Handy is also liable for tortious

7 interference with Cleaners' prospective economic advantages based on its failure to remit gratuities, or,

8 in the alternative, for Handy's false claims that tip is included in the price.

9     15.     Accordingly, Handy has violated the UCL, with the violations of the California wage

10 and hour laws described above. In addition, Plaintiffs have claims for civil penalties under PAGA.

11                      **II.**     **JURISDICTION**

12     16.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for unpaid

13 overtime wages under Labor Code § 1194.

14     17.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for unpaid

15 minimum wage under Labor Code §§ 510, 1194 and I.W.C. Wage Orders No. 5-2001, 15-2001.

16     18.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for failure to

17 provide meal periods under Labor Code § 226.7 and I.W.C. Wage Orders No. 5-2001, 15-2001.

18     19.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for failure to

19 provide rest periods under Labor Code § 226.7 and I.W.C. Wage Orders No. 5-2001, 15-2001.

20     20.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for penalties for

21 failure to pay wages of discharged employees under Labor Code § 203.

22     21.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for failure to

23 reimburse necessarily and reasonably incurred business expenses under Labor Code § 2802.

24     22.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for failure to

25 furnish timely and accurate wage statements under Labor Code § 226.

26     23.     This Court has jurisdiction over Plaintiffs' and Class Members' claims for failure to

27 remit gratuities under Labor Code § 351, enforceable pursuant to Cal. Bus. & Prof. Code § 17200 *et.*

28 *seq.*, and under tortious interference with prospective economic advantage.

COMPLAINT FOR DAMAGES

24.     This Court has jurisdiction over Plaintiffs' claims for injunctive relief and restitution of unpaid wages and other ill-gotten benefits arising from Defendants' unlawful and/or unfair business practices under Business and Professions Code §§ 17203 and 17204 and Labor Code §1199, 2699.5.

25.     This Court has jurisdiction over Plaintiffs' claims for civil penalties under the Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698 *et seq*.

## III.     VENUE

26.     Venue is proper because Handy's principal place of business is in New York, is incorporated under the laws of Delaware, does business in Alameda County, and has not registered a California place of business with the California Secretary of State. As such, venue is proper in any county of California.

## IV.     PARTIES

**Plaintiffs**

27.     Plaintiffs Vilma Zenelaj ("Vilma") and Greta Zenelaj ("Greta") are sisters who currently reside in Brentwood, California, which is located in Los Angeles County, California. Vilma was employed as a "Handy Professional" between approximately April 16, 2014 and June 19, 2014. Greta was employed as a "Handy Professional" between approximately April 16, 2014 and July 2, 2014. While employed as Cleaners, Plaintiffs worked in Los Angeles County, where they procured cleaning jobs through Handy's mobile phone application ("app") platform. Handy unilaterally terminated Vilma's indefinite employment relationship with the company on or about June 19, 2014. Handy unilaterally terminated Greta's indefinite employment relationship with the company on or about July 2, 2014.

**Defendant**

28.     Plaintiffs allege that Defendant Handy is a privately held company providing Cleaners, including cleaners and handymen, to clean homes, offices and rental apartments. Handy's headquarters is in New York, New York, and Handy is incorporated in Delaware. Handy is registered as a foreign business corporation in New York under the name Handybook, Inc. Handy is incorporated in Delaware

under the name Handybook Technologies, Inc. Handybook, Inc. and Handybook Technologies, Inc. do business as "Handy."

29.     Handy began operating in Boston, Massachusetts and New York, New York in 2012. Upon information and belief, Handy currently operates in at least twenty-six cities. Plaintiffs are informed and believe, and based thereon allege, that in California, Handy operates in the East Bay of the San Francisco Bay Area, San Francisco, the South Bay of the San Francisco Bay Area, San Jose, Orange County, Sacramento, Los Angeles, and San Diego.

30.     Handy acquired Exec, which was a company based in San Francisco that offered home cleaning services, in January 2014. Exec entered the home cleaning business at some time between February and May 2012. At the time that Handy acquired Exec, under information and belief, Plaintiffs became employees of Handy. Upon information and belief, Handy has assumed responsibility for all preexisting liabilities of Exec, including Plaintiffs' claims in this action.

31.     The true names and capacities, whether individual, corporate, associate, or otherwise of Defendant sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sue Defendant by fictitious names under Code of Civil Procedure § 474. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

32.     Plaintiffs are informed and believe, and based thereon allege, that Defendants acted in all respects pertinent to this action as the agents of the other DOE defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

33.     Plaintiffs are informed and believe, and based thereon alleges, that Handy employs over forty Cleaners in the state of California.

## V.     FACTUAL BACKGROUND

34.     Plaintiffs are informed and believe, and based thereon allege, that Handy has operated, and at all times during the Class Period has conducted business, as an employer of home and office

6

1  Cleaners in the state of California. Simply put, Handy directs Cleaners to private homes, offices, and
2  rental apartments to provide home and office cleanings.

3      35.     Plaintiffs are informed and believe, and based thereon allege, that there is an application
4  process to become a Cleaner. The application process includes a background check and an in-person
5  interview. Applicants are informed that a requirement to be a Cleaner for Handy is availability for at
6  least five cleanings jobs per week. Cleaners must also complete a cleaning under the observation of an
7  evaluator from Handy.

8      36.     Plaintiffs are informed and believe, and based thereon allege, that Handy uses a mobile
9  phone application ("Handy's app") and its website, www.Handy.com, to schedule home and office
10 cleaning jobs. People who seek to have their home, office, or rental apartment cleaned ("Customers")
11 enter their zip code, the number of rooms in their house or office, and the cleaning start time. Handy
12 recommends a total cleaning time to the Customer, the Customer chooses the total cleaning time, and
13 then Handy quotes a price to the Customer. Handy tells Customers that tax and tip are included in the
14 price of the cleaning job. If the Customer accepts the price quote, Handy charges the Customer's credit
15 card for the service.

16     37.     The Cleaners book cleaning jobs through the Handy app. The Handy app lists some of
17 the available jobs, the city of the home or office (but not the full address), total cleaning time, and pay.
18 The Cleaner does not receive the specific address until the job is accepted. Once the cleaning job is
19 accepted, the Cleaners are required to complete the cleaning. Three days after the cleaning job, Handy
20 pays the Cleaner unless there is a complaint from the Customer.

21     38.     Plaintiffs are informed and believe, and based thereon allege, that Cleaners are paid
22 between fifteen and twenty-two dollars per hour for the time they spend in either a home or office
23 cleaning. Handy tells Cleaners that in order to receive an increased hourly rate they need to receive
24 high customer ratings and do a sufficient volume of jobs. Handy designates the highest paying jobs –
25 last minute jobs – to those Cleaners who work the most number of jobs.

26     39.     Plaintiffs are informed and believe, and based thereon allege, that Handy does not remit
27 tips to Cleaners despite informing customers that tax and tip are included when the Customer
28 purchases the cleaning.

551071.6

40. Plaintiffs are informed and believe, and based thereon allege, that Handy bars Cleaners from accepting jobs from Customers unless the Customer purchases the cleaning only from Handy.

**A. Employment Relationship Between Handy and Cleaners and Handy's Uniform Misclassification of Cleaners as Independent Contractors.**

41. Plaintiffs are informed and believe, and based thereon allege, that Handy exercises extensive control over the manner and means by which Cleaners perform their jobs. Examples of this control include, but are not limited to, Handy's ability to terminate Cleaners at will, Handy's prohibition against cleaners hiring other people to assist in the cleaning jobs, Handy's control over the location (except for the name of the city) of the cleaning job, and Handy's control of the amount charged to the customer.

42. Plaintiffs are informed and believe, and based thereon allege, that Handy's provision of training and instructions on how its Cleaners should complete their tasks (*i.e.* Handy gives cleaners an extensive Handy-labeled checklist for Cleaners to present to customers and instructs Cleaners what to clean and in what order), mandates which supplies to bring to each cleaning, monitoring and tracking of performance, and counseling of underperforming Cleaners to meet Handy's expectations.

43. Plaintiffs are informed and believe, and based thereon allege, that Handy controls the distribution of daily assignments to Cleaners, including disclosing to the Cleaner the specific address of the assignment only after the Cleaner agrees to accept the general city and time of day that the assignment will occur. Cleaners lack control over the specific homes they can clean because Handy does not disclose to the Cleaners information (other than the name of the City) about the home before the Cleaners are committed to a particular cleaning job. As a result, when deciding which assignments to accept, Cleaners cannot determine whether there are safety concerns in that home, factor in how dirty the home or office is, and whether the client is likely to become a repeat customer.

44. In addition, Cleaners do not have discretion to pick and choose their cleaning tasks or create their plan of action at the customer's home or office. Rather, Cleaners must adhere to Handy's cleaning checklist.

45. Cleaners are required to follow numerous company guidelines, procedures, and/or protocols in completing their job, which include, among others, (1) how to dress, including a mandate

8

to wear clothing containing a Handy insignia, (2) what to specifically communicate to the Customer in the event the Cleaner arrives early, (3) when to knock/ring the doorbell, (4) how to announce the Cleaner's arrival, including identifying that the Cleaner is with Handy (even if no one responds to the doorbell/knock), (5) whether the Cleaner should ask whether he should take off his shoes (Handy directs Cleaners to always ask), (6) whether the Cleaner must shake the Customer's hands when they arrive at the home or office (always), (7) how to tailor communications with customers, (8) how to interact with the customer once the Cleaner has shaken hands with the Customer but before the cleaning has begun, (9) how to use the bathroom, (10) whether or not Cleaners can accept personal phone calls while on the job (never), (11) whether Cleaners can hire or otherwise bring anyone to help them complete the job (never), and (12) under what circumstances a Cleaner can, and cannot, listen to music while performing her job duties.

46. Plaintiffs are informed and believe, and based thereon allege, that Handy has the exclusive control over the price and length of time for each cleaning job. Cleaner compensation amounts and terms are not negotiable. Handy designates the highest paying jobs – last minute jobs – to those Cleaners who work the most number of jobs. The Cleaners can neither negotiate the price nor the length of cleaning. When the length of cleaning is decided, the Cleaners have no input. Also, Handy prevents the Cleaners from negotiating the length of the cleaning time with the Customers.

47. Because the Cleaners can neither negotiate cleaning time nor have input into the length of cleaning, Handy controls the quality of the cleaning job. For example, the more time that a Cleaner has to complete a cleaning job, the more likely the quality of the cleaning job will increase.

48. Plaintiffs are informed and believe, and based thereon allege, that Cleaners are an integral part of Handy's business of providing cleaning services, among other services, to its customers.

49. Plaintiffs are informed and believe, and based thereon allege, that the Cleaners are required to use certain cleaning supplies, which have higher costs than other cleaning supplies.

50. Plaintiffs are informed and believe, and based thereon allege, that the skills required of Cleaners in rendering services to Handy are such that those services can be, and generally are, performed by employees, rather than by specially skilled independent workers.

551071.6

51. As a result of the control exercised by Handy over the work performed by Plaintiff and the other Cleaners, an employer-employee relationship exists and has existed at all times material to this action between Handy and each Class Member.

**B.** **Handy's Uniform Misclassification of Cleaners as "Independent Contractors."**

52. Plaintiff is informed and believes, and based thereon alleges, that Handy uniformly misclassifies all of its Cleaners as independent contractors when they are, in fact, employees.

53. Plaintiff is informed and believes, and based thereon alleges, that Handy has a "Rules & Polices" document that is given to all of the Cleaners.

54. Plaintiff is informed and believes, and based thereon alleges, that the Rules & Policies were drafted exclusively by Handy and/or its legal counsel.

55. The Rules & Polices provide, among other things, that:

    a. Handy retains the right to unilaterally terminate the Cleaners at any time;

    b. The Cleaners must bring all required cleaning supplies to every single job.

56. Plaintiff is informed and believes, and based thereon alleges, that Handy has an "Important Reminders" document that is given to all of the Cleaners.

57. Plaintiff is informed and believes, and based thereon alleges, that the Important Reminders document was drafted exclusively by Handy and/or its legal counsel.

58. The Important Reminders provide, among other things, that:

    a. Cleaners are required to do certain tasks, including taking out the trash, folding laundry, and completing the "Handybook Checklist," which has Handybook's name on the top of it, and leave this checklist for the Customer.

    b. Handy requires Cleaners to bring specific supplies to every cleaning job;

59. Plaintiff is informed and believes, and based thereon alleges, that Handy has a "Home Cleaning Routine" document that is given to all of the Cleaners.

60. Plaintiff is informed and believes, and based thereon alleges, that the Home Cleaning Routine was drafted exclusively by Handy and/or its legal counsel.

61. The Home Cleaning Routine provides, among other things, that:

    a. The Cleaners must wear either a Handybook polo or apron;

b.   That Cleaners must wear pants and the pants must be "appropriate;"

c.   When the Cleaner arrives at the cleaning job, the Cleaner must state that their name followed by "from Handybook;"

d.   The Cleaners must "Thank [the customer] for using Handybook!"

e.   Cleaners are prohibited from making any personal phone calls during the cleaning job;

f.   Cleaners are prohibited from bringing any other person to the cleaning job.

g.   Cleaners are permitted to listen to music only with headphones and only when the Customer states that the Cleaner can listen to music with headphones;

62.   Handy has a Terms of Use that it states applies to all of the Cleaners.

63.   Plaintiff is informed and believes, and based thereon alleges, that the Terms of Use was drafted exclusively by Handy and/or its legal counsel.

64.   Plaintiff is informed and believes, and based thereon alleges, that the Terms of Use purports to classify the Cleaners as independent contractors to conceal the true employment relationship between Handy and its Cleaners.

65.   The Terms of Use provides, among other things, that: Handy retains the right to unilaterally terminate the Cleaners at any time and with or without cause.

66.   Plaintiff is informed and believes, and based thereon alleges, that the Terms of Use is and at all times mentioned herein has been a contract of adhesion, drafted by Handy, and used by Handy. Plaintiff is informed and believes, and on that basis alleges, that no Cleaner has negotiated with Handy over the terms or conditions contained in the Terms of Use, and that Handy offers its Cleaners no meaningful choice of terms.

67.   Plaintiff is informed and believes, and based thereon alleges, that Handy has a "Home Cleaning Routine" document that is given to all of the Cleaners.

68.   Plaintiff is informed and believes, and based thereon alleges, that the Home Cleaning Routine was drafted exclusively by Handy and/or its legal counsel.

69.   The Home Cleaning Routine provides, among other things, that:

551071.6

a.　　The Cleaners must complete certain tasks in each of four different parts of the house, such as the bathrooms, and there is a total of twenty-eight required tasks;

　　　　b.　　The Cleaners must start the cleaning job with laundry, the dishwasher, the kitchen, and the bathroom;

70.　　Plaintiff is informed and believes, and based thereon alleges, that, during the Class Period, Handy illegally misclassified its Cleaners as independent contracts when they were, in fact employees as defined by Wage Order 5-2001 §§ 2(E), 2(F), 2(H) and 3; Wage Order 15-2001 §§ 2(E), 2(F), 2(G), and 3; and, California common law.

## C.　　Facts Related to Cleaners' Other Claims.

71.　　Plaintiffs are informed and believe, and based thereon allege, that Cleaners regularly work beyond eight hours in a day or forty hours in a week in order to complete their cleanings, including driving from one cleaning to another.

72.　　Plaintiffs are informed and believe, and based thereon allege, that Handy's Cleaners spend part of their work time cleaning homes and offices.

73.　　In addition, Cleaners spend time completing work tasks required by Handy that include, but are not limited to preparing in advance for customer assignments, communicating with customers via text and phone calls, communicating with Handy supervisors via email, text and phone calls, and submitting completed assignment information to Handy.

74.　　Cleaners also spend time traveling between the homes and offices that they clean.

75.　　Cleaners must attend an orientation.

76.　　Plaintiffs are informed and believe, and based thereon allege, that Handy compensates Cleaners between fifteen and twenty-two dollars an hour for the time they spend either in the home or office cleaning. Handy does not pay Cleaners any other form of compensation beyond this hourly rate for time spent cleaning in the home or office. Cleaners regularly work over eight hours per day and over forty hours per week including time spent at the home or office cleaning, time spent driving to and from each cleaning, and time spent completing other work tasks required by Handy including logging onto the platform and making phone calls, texts, and sending emails before and after cleanings.

77. Plaintiffs and Class Members are, and at all relevant times were, covered by Wage Orders No. 5-2001, 15-2001. Throughout the Class Period, section 3 of the Wage Orders, along with Labor Code § 510, required employers to pay employees one-and-one-half times their normal hourly rate for hours worked in excess of eight per day and in excess of forty per week, and at twice the normal hourly rate for hours worked in excess of twelve per day and eight on the seventh day worked in a work week. However, Plaintiffs are informed and believe, and based thereon allege, that Handy has had a policy and/or practice of failing to compensate Cleaners for all overtime hours worked.

78. Plaintiffs are informed and believe, and based thereon allege, that Handy does not maintain a policy that compensates Handy Cleaners an amount equal to or greater than the minimum wage for all hours worked, as required by California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 5-2001 and 15-2001. For example, Handy does not compensate its Cleaners for time spent driving between jobs. Handy only pays its Cleaners for time spent at each job site. As a result of violations of California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 5-2001 and 15-2001 for failure to pay minimum wage, Handy is liable for civil penalties pursuant to California Labor Code §§ 558, 1197.1, and 2698 *et seq*.

79. Plaintiffs are informed and believe, and based thereon allege, that Handy does not provide Cleaners with a thirty minute, duty-free meal break. Handy has no policy of providing Cleaners with a thirty minute, duty-free meal break within the first five work hours in a work day or a second 30-minute, duty-free meal break after ten hours worked in a worked day. Due to the volume of scheduled work assignments and the associated travel time, Cleaners regularly either skip their lunches altogether, continue to work while eating their lunches, or take their lunches only after they have worked more than five or ten hours in that workday.

80. Plaintiffs are informed and believe, and based thereon allege, that Handy does not provide Cleaners with two ten minute, duty-free paid rest breaks during each workday. Handy has no policy of providing Cleaners with a ten minute, duty-free rest break for every four hours or major fraction thereof worked during a workday. Due to the volume of scheduled work assignments and the associated travel time, Cleaners regularly do not receive their statutorily required rest breaks.

551071.6

81.     Plaintiffs are informed and believe, and based thereon allege, that Handy does not properly compensate Handy Cleaners for hours worked in excess of eight in a day and forty in a week, as well as for missed meal periods. Accordingly, Handy violated California Labor Code § 204(a), which requires that employers pay "*all wages* [. . .] twice during each calendar month on days designated in advance by the employer as the regular paydays" (emphasis added). As a result, Handy is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

82.     During the Class Period, Handy has failed to keep payroll records showing total hours worked and wages paid to employees. Under California Labor Code § 1174(d), employers must keep "payroll records showing the hours worked daily by and the wages paid to . . . employees [. . .]." Because Handy did not keep accurate time records reflecting hours worked for Handy Cleaners, it is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.* To the extent that Handy's failure to keep accurate payroll records was willful, it is liable for civil penalties under California Labor Code § 1174.5.

83.     Plaintiffs are informed and believe, and based thereon allege, that Handy does not fully reimburse Cleaners for all reasonable and necessary business expenditures they incurred while completing their job duties as required by Labor Code 2802. Cleaners regularly incur reasonable and necessary business expenditures in the course of completing their duties, which include, but are not limited to, wear and tear on personal vehicles used to transport them between cleaning jobs, fuel for those same personal vehicles, parking personal car insurance coverage, purchasing a cellular phone, monthly cellular phone voice and data plans, and cleaning supplies. Cleaners necessarily and reasonably incurred these expenditures, but Handy refused to fully reimburse Cleaners for these business costs.

84.     Plaintiffs are informed and believe, and based thereon allege, that Handy does not keep payroll records showing total hours worked and wages paid to employees. Because Handy did not keep accurate time records reflecting hours worked for Handy Cleaners, it is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.* To the extent that Handy's failure to keep accurate payroll records was willful, it is liable for civil penalties under California Labor Code § 1174.5.

14

85.     Plaintiffs are informed and believe, and based thereon allege, that Handy intentionally and knowingly does not furnish Cleaners with timely and accurate wage statements that show: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) number of hours worked; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the employee identification or social security number; (8) and the address of the legal entity that is the employer. Plaintiffs and Class Members have suffered actual harm and damages from Handy's failure to provide these accurate itemized wage statements because they remained ignorant of their actual hours worked, overtime worked, and their applicable hourly rate. Thus, the Cleaners were unable to assert their statutory protections to Handy's various Labor code violations at the time the violations occurred.

86.     Plaintiffs are informed and believe, and based thereon allege, that, during the Class Period, Defendants failed to fully compensate Plaintiffs and Class Members for overtime hours worked as required by Labor Code § 512 and I.W.C. Wage Orders No. 5-2001, 15-2001.

87.     During the Class Period, Plaintiffs are informed and believe, and based thereon allege, that Handy has failed to pay all compensation due and owing to Plaintiffs and all former Cleaners upon separation, as required by Labor Code §§ 201 and 202. Plaintiffs further allege that this failure to pay all compensation due was willfully done by Handy.

88.     During the Class Period, Plaintiffs are informed and believe, and based thereon allege, that Handy has knowingly and intentionally failed to furnish Plaintiffs and Class Members with timely, itemized wage statements accurately showing, among other required things, total hours worked or hourly rate paid, as required by Labor Code § 226(a).

89.     During the Class Period, Plaintiffs are informed and believe, and based thereon allege, that Handy has knowingly and intentionally failed to remit gratuities to Plaintiffs as required by Labor Code §351, enforceable pursuant to Cal. Bus. & Prof. Code § 17200 et. seq.

90.     During the Class Period, Plaintiffs are informed and believe, and based thereon allege, that Handy has tortiously interfered with Cleaners' prospective economic advantage. Tipping is customary in the cleaning business, and Handy does not remit tips to the Cleaners. Cleaners have

15

existing economic relationships with Customers because Customers can and do hire cleaners who previously cleaned their home or office. Handy knew of these relationships because Handy choose to create this ability for Customers to request the same Cleaner. Handy intentionally interfered with the Cleaners' tips by falsely telling Customers that tip was included in the amount that was paid to Handy. This caused Customers to forego tipping the Cleaners. Handy's actions were unlawful under Cal. Labor Code § 351 and UCL § 17200, *et seq.*

91.     During the Class Period, Plaintiffs are informed and believe, and based thereon allege, that Handy violated the Unfair Competition Law, California Business and Professions Code § 17200 *et seq.* and California Labor Code § 1199, 2699.5, by the predicate violations of the California wage and hour laws described above.

## VI.     CLASS ACTION ALLEGATIONS

92.     This action is maintainable as a representative action pursuant to California Code of Civil Procedure § 382 as to violations of Wage Order 5-2001, Wage Order 15-2001, Labor Codes and UCL for misclassification of employees as independent contractors, unpaid overtime wages, minimum wage, meal and rest break violations, waiting time penalties, failure to furnish timely, itemized wage statements, failure to remit gratuities, and attorneys' fees and costs. Plaintiffs are representatives of other Cleaners and are acting on behalf of their interests. The similarly situated employees are known to Handy and are readily identifiable and locatable through Handy's own employment records. The Class that Plaintiffs seek to represent is defined as follows:

> All persons who worked as Cleaners for Handy in California at any time from four years prior to the date of filing of this action through the date of trial.

93.     The individuals included within the alleged Class are so numerous that joinder of each of them would be impracticable, and the disposition of their claims in a class action, rather than in numerous individual actions, will benefit the parties, the Court, and the interests of justice.

94.     Among the proposed Class there is a well-defined community of interest in the questions of law and/or fact involved, affecting the Class Members. These common questions include, but are not limited to:

a.  Whether Handy's uniform decision to classify all Class Members as independent contractors and not as employees violates Wage Order 5-2001 §§ 2(E), 2(F), 2(H) and 3; Wage Order 15-2001 §§ 2(E), 2(F) 2(G), and 3; and, California common law.

b.  Whether Handy's uniform right to control requires that the Cleaners be classified as employees under California Law;

c.  Whether the Cleaners are engaged in a distinct occupation or business from Handy;

d.  Whether the skills required for the cleaning jobs support employee status;

e.  Whether the Cleaners' work is part of Handy's regular business;

f.  Whether Handy's failure to pay Class Members overtime wages violates Labor Code §§ 510, 1194 and Wage Orders 5-2001, 15-2001;

g.  Whether Handy's failure to pay Class Members an amount equal to or greater than the minimum wage for all hours worked violates Labor Code §§ 1194, 1197, 1197.1, and Wage Orders 5-2001, 15-2001;

h.  Whether Handy's failure to pay all wages twice each calendar month violates California Labor Code § 204(a);

i.  Whether Handy's failure to provide meal periods to Class Members violates Labor Code §§ 226.7, 512 and Wage Orders 5-2001, 15-2001;

j.  Whether Handy's failure to provide paid rest periods to Class Members violates Labor Code § 226.7 and Wage Orders 5-2001, 15-2001;

k.  Whether Handy's failure to provide formerly employed Class Members with all wages due upon separation violates Labor Code §§ 201-203;

l.  Whether Handy's failure to fully reimburse Class Members for their employment-related expenses violates Labor Code § 2802;

m.  Whether Handy's failure to keep accurate payroll records of daily hours worked violates Labor Code § 1174(d);

n.  Whether Handy's failure to provide Class Members with itemized statements of wages and hours worked violates Labor Code § 226;

o.     Whether Handy's failure to remit gratuities to Class Members violates Labor Code § 351;

p.     Whether Handy's failure to remit gratuities to Class Members tortuously interferes with a prospective economic advantage; and

q.     Whether Handy's various violations of the Labor Code serve as predicate violations of the UCL.

95.     Common questions of law and/or fact predominate over questions that affect only individual Class Members. Plaintiffs' claims are typical of those belonging to the members of the Class they seek to represent, and Plaintiffs can adequately represent the Class they seek to represent.

## FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages
**[Cal. Labor Code §§ 204, 510, 1194, and I.W.C. Wage Orders 5-2001, 15-2001]**

96.     Plaintiffs re-allege each and every paragraph of this Complaint as though fully set forth.

97.     Labor Code § 510 and the "Hours & Days of Work" Section of the Wage Orders entitles non-exempt employees to one and one-half times their hourly pay for any and all hours worked in excess of eight hours in any work day, for the first eight hours worked on the seventh consecutive day of work in a work week, and for any work in excess of forty hours in any one work week. Employees are entitled to the times their hourly pay for any and all hours worked in excess of 12 hours in any work day and in excess of 8 hours on the 7th consecutive work day.

98.     Plaintiffs and Class Members regularly worked in excess of eight hours per day and/or forty hours per week without overtime compensation.

99.     By failing to pay overtime compensation to Plaintiffs and Class Members, Handy violated and continues to violate Labor Code §§ 204, 510 and 1194 and Wage Orders 5-2001, 15-2001.

100.     As a result of Handy's unlawful acts, Plaintiffs and Class Members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

101.     Plaintiffs, on behalf of themselves and Class Members, also request further relief as described below.

## SECOND CAUSE OF ACTION

18

**Failure to Pay Minimum Wage**
**[Cal. Labor Code §§ 1194, 1197, 1197.1 and I.W.C. Wage Orders No. 5-2001, 15-2001]**

102.    Plaintiffs re-allege each and every paragraph of this Complaint as though fully set forth.

103.    California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 5-2001 and 15-2001 entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

104.    Handy did not and does not compensate Handy Cleaners for time spent driving between jobs, among other Handy tasks. Handy only paid its Cleaners for time spent at each job site. In addition, Cleaners are not compensated for the first six hours of work because, according to Handy, the Cleaners must "subsidize [the cost of] the supplies."

105.    As a result of violations of California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 5-2001, 15-2001 for failure to pay minimum wage, Handy is liable for civil penalties pursuant to California Labor Code §§ 558, 1197.1, and 2698 *et seq.*

### THIRD CAUSE OF ACTION
**Failure to Reimburse for Business Expenses**
**[California Labor Code § 2802]**

106.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth.

107.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

108.    Beginning at least three years prior to the filing of this complaint, in order to discharge cleaning-related duties for Handy, Plaintiffs and Class Members have incurred reasonable and necessary expenses in the course of completing their job duties, which were not reimbursed by Handy. These expenses include but are not limited to mileage, parking, uniforms, and cell phone costs.

109.    Plaintiffs and Class Members are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

110.    Plaintiffs, on behalf of themselves and Class Members, also request relief as described below.

## FOURTH CAUSE OF ACTION
### Failure to Provide Mandated Meal Periods
**[California Labor Code §§ 226.7, 512, and I.W.C. Wage Orders 5-2001, 15-2001]**

111.     Plaintiffs re-allege each paragraph of this Complaint as though fully set forth.

112.     Handy failed to maintain a policy of providing meal breaks as required by Labor Code §§ 226.7, 512 and Wage Orders 5-2001, 15-2001.

113.     Since at least three years prior to the filing of this action, Plaintiffs and Class Members have worked in excess of five hours and at times ten hours a day without being provided at least half hour meal periods in which they were relieved of their duties, as required by Labor Code §§ 226.7 and 512 and Wage Orders 5-2001, 15-2001. *See Brinker Restaurant Corp., et al. v. Superior Court* (2012) 53 Cal. 4th 1004, 1040-41 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute break, and does not impede or discourage them from doing so . . . [A] first meal period [is required] no later than the end of an employee's fifth hour of work, and a second meal period [is required] no later than the end of an employee's 10th hour of work.").

114.     Because Handy failed to provide proper meal periods, it is liable to all Plaintiffs and Class Members for one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not provided, pursuant to Labor Code §§ 226.7 and 512 and Wage Orders 5-2001, 12-2001, as well as interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to Civil Procedure Code § 1021.5.

115.     Plaintiffs, on behalf of themselves and Class Members, also request further relief as described below.

## FIFTH CAUSE OF ACTION
### Failure to Provide Mandated Rest Periods
**[California Labor Code § 226.7 and I.W.C. Wage Orders 5-2001, 15-2001]**

116.     Plaintiffs re-allege each paragraph of this Complaint as though fully set forth.

117.     Since at least three years prior to the commencement of this action, Plaintiffs and Class Members have regularly worked without any rest periods that are required by Wage Orders 5-2001, 15-2001. *See Brinker*, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shifts

from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.").

118.     Because Handy failed to provide proper rest periods, it is liable to Plaintiffs and Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to Labor Code § 226.7 and Wage Orders 5-2001, 15-2001, as well as interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to Civil Procedure Code § 1021.5.

119.     Plaintiffs, on behalf of themselves and Class Members, also request relief as described below.

**SIXTH CAUSE OF ACTION**
**Failure to Furnish Timely and Accurate Itemized Wage Statements**
**[California Labor Code §§ 226]**

120.     Plaintiffs re-allege each paragraph of this Complaint as though fully set forth.

121.     Labor Code § 226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things:  (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) total hours worked by each respective individual; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the name of the employee and an employee identification or social security number; and (8) the name and address of the legal entity that is the employer.

122.     As a pattern and practice, in violation of Labor Code § 226(a), Handy did not provide Plaintiffs or Class Members with accurate itemized wage statements in writing showing:  (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) number of hours worked; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the employee identification or social security number; and (8) the address of the legal entity that is the employer.

551071.6

123.     As a result of Handy's failure to provide accurate itemized wages statements, Plaintiffs and Class Members suffered actual damages and harm by being unable to determine their applicable hourly rate or the amount of overtime worked each pay period, which prevented them from becoming aware of these violations and asserting their statutory protections under California law.

124.     Handy has knowingly and intentionally failed to comply with Labor Code § 226(a) on each and every wage statement provided to Plaintiffs and Class and Subclass Members.

125.     Pursuant to Labor Code § 226(e), the Plaintiffs and Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

126.     The Plaintiffs and Class Members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

127.     Plaintiffs, on behalf of themselves and Class Members, also request relief as described below.

## SEVENTH CAUSE OF ACTION
### Failure to Pay Compensation Due Upon Termination/Waiting Time Penalties
### [Cal. Labor Code §§ 201-203]

128.     Plaintiffs re-allege each paragraph of this Complaint as though fully set forth.

129.     California Labor Code §§ 201 and 202 require Handy to pay all compensation due and owing to former Cleaners immediately upon discharge or within seventy-two hours of their termination of employment.  California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty workdays.

130.     Handy willfully failed to pay Plaintiffs and Class Members who are no longer employed by Handy compensation due upon termination as required by California Labor Code §§ 201 and 202. As a result, Handy is liable to Plaintiffs and former employee Class Members waiting time penalties provided under California Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

551071.6

131.    Plaintiffs, on behalf of themselves self and Class Members, also request relief as described below.

## EIGHTH CAUSE OF ACTION
### Failure to Remit Gratuities
**[Cal. Lab. Code § 351 enforced through the UCL, and tortious interference with prospective economic advantage]**

132.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth.

133.    Handy's conduct, as set forth above, in failing to remit gratuities to Cleaners constitutes a violation of Cal. Lab. Code § 351. This violation is enforceable pursuant to UCL § 17200, *et seq.*

134.    Handy collected, took, and received gratuities that were paid, given to, or left for the Cleaner by the customer. Alternatively, Handy deducted any amount from wages due Cleaners on account of a gratuity. Alternatively, Handy required Cleaners to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the Cleaners from Handy.

135.    Plaintiffs and Customers were in an economic relationship that would have resulted in an economic benefit to Plaintiffs and Class Members;

136.    Handy knew of the economic relationship between the Plaintiffs and Customers;

137.    Handy intended to disrupt this relationship;

138.    Handy engaged in wrongful conduct by informing customers that tips were included in the purchase price of the cleaning. Handy did not remit any tips to Plaintiffs and Class Members in violation of Cal. Labor Code 351 and the UCL;

139.    The relationship between Plaintiffs and Class Members, and Handy's customers, was disrupted;

140.    Plaintiffs and Class Members were harmed; and

141.    Handy's wrongful conduct caused Plaintiffs' and Class Members' harm.

## NINTH CAUSE OF ACTION
### Unfair Business Practices in Violation of California
**[Bus. & Prof. Code §§ 17200 et seq.]**

142.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth.

143.    Plaintiffs bring this cause of action individually and as a representative of all others subject to Handy's unlawful acts and practices.

23

551071.6

1     144.    Business and Professions Code § 17200 prohibits unfair competition in the form of any

2    unlawful, unfair, or fraudulent business act or practice.

3     145.    Business and Professions Code § 17204 allows "any person who has suffered injury in

4    fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition

5    Law.

6     146.    Beginning at least three years prior to the filing of this action, and continuing to the

7    present, Handy has committed unlawful, unfair, and/or fraudulent business acts and practices as

8    defined by Business and Professions Code § 17200 by failing to pay overtime wages, to provide meal

9    and rest breaks, to pay wages due at the time of separation, to furnish timely and accurate wage

10    statements, to remit gratuities, and to reimburse business expenses in violation of state law.

11     147.    The above-described unlawful actions of Handy constitute false, unfair, fraudulent

12    and/or deceptive business practices, within the meaning of Business and Professions Code § 17200, *et*

13    *seq.*

14     148.    As a result of their unlawful acts, Handy has reaped and continues to reap unfair

15    benefits and illegal profits at the expense of Plaintiffs, and the Class they seek to represent.  Handy

16    should be enjoined from this activity, caused to specifically perform its obligations, and made to

17    disgorge these ill-gotten gains and pay restitution to Plaintiffs and the members of the Class including,

18    but not limited to, restitution of all unpaid wages, plus interest, as well as attorneys' fees and costs.

19     149.    Plaintiffs, on behalf of themselves and Class Members, also request relief as described

20    below.

**TENTH CAUSE OF ACTION**
**VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA")**
**[California Labor Code § 2698 *et seq.*)]**

23     150.    Plaintiffs re-allege each paragraph of this Complaint as though fully set forth herein.

24     151.    Plaintiffs are "aggrieved employees" under PAGA, as they have been employed by

25    Handy during the applicable statutory period and suffered one or more of the Labor Code violations

26    herein. As such, they seek to recover, on behalf of themselves and all other current and former

27    aggrieved employees of Handy, the civil penalties provided by PAGA, plus reasonable attorney's fees

28    and costs.

24

COMPLAINT FOR DAMAGES

152. Plaintiffs seek to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969. Therefore, class certification of the PAGA claims is not required, but Plaintiffs may choose to seek certification of the PAGA claims.

153. Plaintiffs seek to pursue remedies pursuant to PAGA for the following violations.

154. Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a).

155. Pursuant to Labor Code § 203, for an employer who willfully fails to pay any wages of an employee who is discharged or quits, that employee's wages shall continue as a penalty from the due date at the same rate until paid, but shall not continue for more than thirty (30) days. Labor Code § 256 imposes a civil penalty in an amount not exceeding thirty days' pay as waiting time under the terms of Labor Code § 203.

156. California Labor Code § 558 provides:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

157. Under California Labor Code §§ 510 and 1194, Handy is liable for failing to pay Cleaners overtime.

158. Under California Labor Code § 2802, Handy is liable for failing to reimburse Cleaners for business expenses.

551071.6

159. Under California Labor Code § 226.7, Handy is liable for failing to either provide rest periods and meal periods or paying the Cleaners one hour of pay for every missed rest period and meal period.

160. Under California Labor Code §§ 1194, 1197, and 1197.1, Handy is liable for failing to pay Cleaners minimum wage for all hours worked.

161. During the class period, Handy failed to properly compensate Handy Cleaners for hours worked in excess of eight in a day and forty in a week, as well as for missed meal and rest periods. Accordingly, Handy violated California Labor Code § 204(a), which requires that employers pay *"all wages* [. . .] twice during each calendar month on days designated in advance by the employer as the regular paydays" (emphasis added). As a result, Handy is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

162. During the class period, Handy failed to enforce the maximum hours of work fixed by the Industrial Welfare Commission with respect to the Cleaners as required by California Labor Code § 1198. As a result, Handy is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.*

163. During the Class Period, Handy has failed to keep payroll records showing total hours worked and wages paid to employees. Under California Labor Code § 1174(d), employers must keep "payroll records showing the hours worked daily by and the wages paid to . . . employees [. . .]." Because Handy did not keep accurate time records reflecting hours worked for Handy Cleaners, it is liable for civil penalties pursuant to California Labor Code § 2698 *et seq.* To the extent that Handy's failure to keep accurate payroll records was willful, it is liable for civil penalties under California Labor Code § 1174.5.

164. Labor Code § 2698 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for the initial violation of Labor Code §§ 204, 226.7, 510, 512, 1174, 1194, 1198 and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

165. Plaintiffs have fully complied with the procedural requirements specified in California Labor Code § 2699.3 as to each of the alleged violations. On August 29, 2014, Plaintiffs provided notice to the California Labor & Workforce Development Agency ("LWDA") of Plaintiffs' claims

COMPLAINT FOR DAMAGES

551071.6

based on the alleged Labor Code violations, including the facts and theories supporting these claims, as set forth in the letter attached hereto as Exhibit A. The LWDA has provided no notice to Plaintiffs within 33 calendar days of the postmark date of that notice regarding its intentions to investigate or not investigate Plaintiffs' claims. Accordingly, Plaintiffs may commence this action pursuant to Labor Code § 2699.

166.   Enforcement of statutory provisions to protect workers and to ensure proper and prompt payment of wages is a fundamental public interest. Plaintiffs' successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public. Private enforcement of these rights is necessary, as no public agency has pursued enforcement. Plaintiffs are incurring a financial burden in pursuing this action, and it would be against the interest of justice to require the payment of attorneys' fees and costs from any recovery obtained, pursuant to, inter alia, California Labor Code § 2699.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, prays for judgment against Defendants as follows:

A.   Certification of Plaintiffs' claims as a class action, pursuant to Cal. Code of Civ. Pro. Section 382, on behalf of the proposed class;

B.   Class notice to all Cleaners in California who worked for Handy from four years prior to the filing of the original Complaint through the trial of this action;

C.   That the Court declare that Handy's policies and/or practices of misclassifying Plaintiffs and Class Members as independent contractors violate California law;

D.   That the Court declare that Handy's policies and/or practices of failing to pay overtime wages to Plaintiffs and Class Members violates California Labor Code §§ 510, 1194 and Wage Orders No. 5-2001, 15-2001 as to Plaintiffs and the Class Members;

E.   That the Court declare that Handy's policies and/or practices of failing to pay an amount equal to or greater than minimum wage for all hours worked to Plaintiffs and Class Members violates §§ 1194, 1197, 1197.1 and Wage Orders No. 5-2001, 15-2001 as to Plaintiffs and the Class

1    Members

2          F.      That the Court declare that Handy's policies and/or practices of failing to pay all wages

3    twice each calendar month to Plaintiffs and Class Members violates California Labor Code § 204 as to

4    Plaintiffs and the Class Members;

5          G.      That the Court declare that Handy's policies and/or practices of failing to enforce

6    maximum hours of work to Plaintiffs and Class Members violates California Labor Code §§ 1198 as to

7    Plaintiffs and the Class Members;

8          H.      That the Court declare that Handy's policies and/or practices of failing to provide meal

9    periods violates California Labor Code §§ 226.7 and 512 Wage Orders 5-2001, 15-2001 by failing to

10   provide them a meal period of at least one half hour in which they were relieved of all duties for every

11   five hours of work;

12          I.      That the Court declare that Handy's policies and/or practices of failing to provide rest

13   periods violates California Labor Code § 226.7 and Wage Orders 5-2001, 15-2001 by failing to

14   provide them a rest period of at least ten minutes for every four hours of work or major portion thereof;

15          J.      That the Court declare that, as to former employee Class Members, Handy has violated

16   California Labor Code §§ 201-203 for willful failure to pay compensation at the time of termination of

17   employment, resulting in unpaid waiting time penalties;

18          K.      That the Court declare that Handy's policies and/or practices of failing to keep accurate

19   payroll records of daily hours worked for Plaintiffs and Class Members violates California Labor Code

20   § 1174(d) and 1174.5;

21          L.      That the Court declare that Handy's policies and/or practices violate California law by

22   failing to reimburse all business expenses incurred by Cleaners in the discharge of their duties as

23   employees of Handy violates California Labor Code § 2802;

24          M.      That the Court declare that Defendants' policies and/or practices of failing to furnish

25   timely and accurate wage statements violates California Labor Code § 226;

26          N.      That the Court declare that Defendants' policies and/or practices of failing to remit

27   gratuities violates California Labor Code § 351 and Business and Professions Code § 17200, *et seq.*

28   and/or is tortious interference with prospective economic advantage;

---

28

COMPLAINT FOR DAMAGES

1   O. That the Court declare that Handy's above-mentioned policies and/or practices violate

2 the UCL (Cal. Bus. & Prof. Code §§ 17200-17208) and Labor Code § 1199, 2699.5

3   P. That the Court declare that Handy's above-mentioned policies and/or practices violate

4 PAGA (Cal. Labor Code § 2698 *et seq*.) as to the Plaintiffs and Class Members;

5   Q. An order preliminarily and permanently enjoining Handy from engaging in the practices

6 challenged herein;

7   R. An award to Plaintiffs and Class Members of damages in the amount of unpaid

8 overtime compensation, interest, and penalties subject to proof at trial;

9   S. An award to Plaintiffs and Class Members of damages in the amount of unpaid

10 minimum wage compensation, interest, and penalties subject to proof at trial;

11   T. An award to Plaintiffs and Class Members of damages in the amount of unpaid

12 unreimbursed business expenses, and interest thereon, subject to proof at trial;

13   U. An award to Plaintiffs and the Class Members of one (1) hour of additional pay at the

14 regular rate of compensation for each workday that meal periods were not provided, pursuant to

15 California Labor Code § 226.7 and Wage Orders 5-2001(11), 15-2001(11) and interest thereon;

16   V. An award to Plaintiffs and Class Members of one (1) hour of additional pay at the

17 regular rate of compensation for each workday that rest periods were not provided, pursuant to

18 California Labor Code § 226.7 and Wage Orders 5-2001(12), 15-2001(12) and interest thereon;

19   W. An award to Plaintiffs and Class Members for all unpaid gratuities, and interest thereon,

20 subject to proof at trial.

21   X. An award of damages to Plaintiffs and the Class Members for Handy's failure to

22 provide accurate itemized wage statements, pursuant to California Labor Code § 226(a);

23   Y. An award of payments due to Plaintiffs and Class Members who have left Handy's

24 employ, as waiting time penalties, pursuant to California Labor Code § 203;

25   Z. Interest accrued to date under the California Labor Code, including under Sections

26 226.7, 510, and 2802;

27

28

551071.6

1       AA.    For an order that Handy make restitution to Plaintiffs and Class Members for Handy

2  due to their unlawful business practices as described herein pursuant to California Business and

3  Professions Code §§ 17200-17205 and California Labor Code § 1199, 2699.5

4       BB.    An award of civil penalties and attorneys' fees and costs pursuant to Labor Code

5  § 2698, *et seq.*;

6       CC.    An award to Class Representative Plaintiffs and the Class Members of reasonable

7  attorneys' fees and costs, pursuant to California Civil Procedure Code § 1021.5, California Labor Code

8  §§ 226, 226.7, 1194, 2699(g) and/or other applicable law; and,

9       DD.    Such other and further relief that the Court may deem just and proper.

10

11  Dated: October **3 0**, 2014          Respectfully submitted,

12                               GOLDSTEIN, BORGEN, DARDARIAN & HO

13

14

15                               Byron K. Goldstein

16                               Attorney for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28