JOANNA L. BROOKS, Bar No. 182986
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Fax No.: 925.946.9809

ANDREW M. SPURCHISE, Bar No. 245998
ROXANNA IRAN, Bar No. 273625
MEL M.C. COLE, Bar No. 293265
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendant
HANDY TECHNOLOGIES, INC.
(D/B/A HANDY, F/K/A HANDYBOOK, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILMA ZENELAJ and GRETA ZENELAJ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HANDYBOOK, INC., also known as HANDYBOOK TECHNOLOGIES, INC., CORPORATION (dba HANDY) and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 4:14-cv-05449-TEH<br><br>**REPLY IN SUPOPRT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Date: February 23, 2015<br>Time: 10:00 a.m.<br>Dept.: Courtroom 2, 17th Floor<br><br>Complaint Filed: October 30, 2014 |

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION

Case No. 4:14-cv-05449-TEH

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

## **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ................................................................................................................ 2

II. ADDITIONAL RELEVANT FACTUAL BACKGROUND ................................................ 3

III. PLAINTIFFS MUST BE COMPELLED TO ARBITRATION ........................................... 4

    A. The Terms of Use Govern Plaintiff's Claims ........................................................... 5

    B. The Parties Clearly And Unmistakably Incorporated The AAA Rules By Reference ................................................................................................................... 7

    C. Plaintiffs Have Not Met Their Burden Of Proving Handy's Arbitration Provision Is Procedurally Unconscionable ................................................................. 8

        1. Plaintiffs Are Sophisticated Business People And Failure To Read The Terms Of Use Does Not Render The Agreement Unenforceable ............... 8

        2. Handy Need Not Have Provided The AAA Rules For Arbitration To Be Enforced ....................................................................................................... 10

        3. The Arbitration Provision Requires The Same Treatment As Other Provisions Of Plaintiffs' Contract ............................................................... 11

    D. The Provision Is Substantively Conscionable ........................................................ 11

        1. The Arbitration Provision Is Not So One-Sided As To Justify Disregarding It ........................................................................................... 12

        2. Plaintiff Cannot Assume Rights Will Be Waived ....................................... 13

    E. The Court Should Compel Arbitration Under Either of Plaintiffs' Legal Theories ................................................................................................................... 14

    F. PAGA Claims Should Be Ordered Into Arbitration On An Individual Basis Or, In The Alternative, Stayed .............................................................................. 14

IV. CONCLUSION ................................................................................................................... 15

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION

i.

Case No. 4:14-cv-05449-TEH

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*24 Hour Fitness, Inc. v. Sup. Ct.*,
  66 Cal.App.4th 1199, 1214 (1998) ............................................................................................ 12

*Andrade v. P.F. Chang's China Bistro, Inc.*,
  2013 U.S. Dist. LEXIS 112759 (S.D. Cal. Aug. 9, 2013) ......................................................... 15

*Antonelli v. Finish Line, Inc.*,
  No. 5:11-cv-03874, 2012 U.S. Dist. LEXIS 19787 (N.D. Cal. Feb. 16, 2012) .......................... 9

*Appelbaum v. AutoNation Inc.*,
  2014 U.S. Dist. LEXIS 50588 (C.D. Cal. Apr. 8, 2014) ........................................................... 15

*Armendariz v. Found. Health Psychare Servs., Inc.*,
  24 Cal. 4th 83 (2000) ................................................................................................................ 12

*Asfaw v. Lowe's HIW, Inc.*,
  2014 U.S. Dist. LEXIS 68657 (C.D. Cal. May 13, 2014) ........................................................ 14

*Asmus v. Bell*,
  23 Cal.4th 1 (2000) ................................................................................................................... 12

*AT&T Mobility, LLC v. Concepcion*,
  131 S. Ct. 1740 (2011) ................................................................................................................ 4

*AT&T Techs. v. Communs. Workers of Am.*,
  475 U.S. 643 (1986) ........................................................................................................... 5, 6, 7

*Avina v. Cigna Healthplans of California*,
  211 Cal.App.3d 1 (1989) ............................................................................................................ 3

*Bolanos v. Khalatian*,
  231 Cal. App. 3d 1586 (1991) .................................................................................................... 9

*Brookwood v. Bank of America*,
  45 Cal. App. 4th 1667 (1999) ..................................................................................................... 9

*California State Auto. Ass'n, Inter-Insurance Bureau v. Barrett Garages, Inc.*,
  257 Cal. App. 2d 71 (1967) ........................................................................................................ 9

*Contec Corp. v. Remote Solution Co.*,
  398 F.3d 205 (2d Cir. 2005) ....................................................................................................... 8

*Cotter v. Lyft, Inc.*,
  No. 13-cv-04065 VC, 2014 U.S. Dist. LEXIS 109444 (N.D. Cal. Aug. 7, 2014) ..................... 6

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION

ii.

Case No. 4:14-cv-05449-TEH

*Cruise v. Kroger Co.*,
  No. B248430, 2015 Cal. App. LEXIS 44 (Jan. 20, 2015) .................................................2, 7, 14

*Fallo v. High-Tech Inst.*,
  559 F.3d 874 (8th Cir. 2009) ...........................................................................................................8

*First Options of Chicago, Inc. v. Kaplan*,
  514 U. S. 938 (1995) .......................................................................................................................7

*Fitz v. NCR Corp.*,
  (118 Cal.App.4th 702 (2004)) .......................................................................................................10

*Green Tree Fin. Corporation-Alabama v. Randolph*,
  531 U.S. 79 (2000) ..........................................................................................................................8

*Guadagno v. E*Trade Bank*,
  592 F. Supp. 2d 1263 (C.D. Cal. 2008) ..........................................................................................9

*Iskanian v. CLS Transportation Los Angeles, LLC.*,
  59 Cal. 4th 348 (2014) ............................................................................................................14, 15

*Martinez v. Scott Specialty Gases, Inc.*,
  83 Cal. App. 4th 1236 (2000) .......................................................................................................12

*Maryland v. Baltimore Radio Show, Inc.*,
  338 U.S. 912 (1950) ......................................................................................................................14

*Miguel v. JP Morgan Chase Bank, N.A.*,
  2013 U.S. Dist. LEXIS 16865 (C.D. Cal. Feb. 5, 2013) ...............................................................15

*Mortensen v. Bresnan Comm'n, LLC*
  722 F.3d 1151 (9th. Cir. 2013) ................................................................................................ passim

*Narayan v. EGL, Inc.*,
  No. C-05-04181 RMW, 2007 U.S. Dist. LEXIS 50465 (N.D. Cal. July 6, 2007) .......................6

*Oracle America, Inc. v. Myriad Group A.G.*,
  724 F.3d 1069 (9th Cir. 2013) ....................................................................................................7, 8

*PacifiCare Health Sys. v. Book*,
  538 U.S. 401 (2003) ................................................................................................................13, 14

*Parvateneni v. E*Trade Financial Corp.*,
  967 F.Supp.2d 1298 (N.D. Cal. 2013) ..........................................................................................15

*Pearson Dental Supplies, Inc. v. Superior Court*,
  48 Cal. 4th 665 (2010) ..................................................................................................................12

*Peng v. First Republic Bank*,
  219 Cal. App. 4th 1462 (2013) .....................................................................................................10

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION

iii.

Case No. 4:14-cv-05449-TEH

*Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*,
 687 F.3d 671 (5th Cir. 2012) ..................................................................................................8

*Pinnacle Museum Tower Association v. Pinnacle Market Development (US), LLC*,
 55 Cal. 4th 223 (2012) ("*Pinnacle Museum*") .........................................................8, 9, 11, 12

*Pokorny v. Quixtar, Inc.*,
 601 F.3d 987 (9th Cir. 2010) ................................................................................................14

*Qualcomm Inc. v. Nokia Corp.*,
 466 F.3d 1366 (Fed. Cir. 2006) ..............................................................................................8

*Quevedo v. Macy's Inc.*,
 798 F.Supp.2d 1122 (C.D. Cal. 2011) ..................................................................................15

*Quinonez v. Empire Today, LLC*,
 No. C 10-02049 WHA, 2010 U.S. Dist. LEXIS 117393 (N.D. Cal. Nov. 4, 2010) .................6

*Rent-A-Center, West, Inc. v. Jackson*,
 561 U. S. 63 (2010) .................................................................................................................7

*Riley Mfg. Co. v. Anchor Glass Container Corp.*,
 157 F.3d 775 (10th Cir. 1998) ................................................................................................8

*RN Solution, Inc. v. Catholic Healthcare West*
 (2008) 165 Cal. App. 4th 1511 .............................................................................................15

*Rodriguez v. American Technologies, Inc.*
 (2006) 136 Cal. App. 4th 1110 .............................................................................................15

*S.G. Borello & Sons, Inc. v. Department of Industrial Relations*,
 48 Cal.3d 341 (1989) (Dua Decl., Exh. A at p. 3.) .................................................................6

*Samaniego v. Empire Today LLC*,
 205 Cal.App.4th 1138 (2012) ...............................................................................................10

*Slaughter v. Stewart Enters., Inc.*,
 2007 U.S. Dist. LEXIS 56732 (N.D. Cal. Aug. 3, 2007).......................................................12

*Terminix Int'l Co. v. Palmer Ranch LP*,
 432 F.3d 1327 (11th Cir. 2005) ..............................................................................................8

*Trivedi v. Curexo Technology Corp.,
(*189 Cal. App.4th 387 (2010))..............................................................................................10

*United Steelworkers of America v. Warrior & Gulf Navigation Co.*,
 363 U.S. 574 (1960).................................................................................................................5

*Velazquez v. Sears, Roebuck and Co.*,
 2013 U.S. Dist. LEXIS 121400 (S.D. Cal. Aug. 23, 2013) ...................................................15

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION               iv.               Case No. 4:14-cv-05449-TEH

*Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,
    489 U.S. 468 (1989) .................................................................................................... 4

**STATUTES**

9 U.S.C. § 3 ............................................................................................................... 7, 15

9 U.S.C. § 5 ................................................................................................................... 7

9 U.S.C. § 7 ................................................................................................................... 7

9 U.S.C. § 9 ................................................................................................................... 7

California Arbitration Act (CAA), §1280 ..................................................................... 6

Federal Arbitration Act ................................................................................................. 2

Firmwide:131263468.8 082196.1011

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION            v.            Case No. 4:14-cv-05449-TEH

## I.   INTRODUCTION

The arguments Plaintiffs Vilma and Greta Zenelaj ("Plaintiffs") raise in their Opposition to Defendant Handy Technologies, Inc. ("Handy" or "Defendant")'s Motion to Compel Arbitration ignore the legal precedent favoring enforcement of arbitration agreements that binds this Court.  Most notably, Plaintiffs wholly avoid the Ninth Circuit's decision in *Mortensen v. Bresnan Comm'n, LLC,* which found that "*Concepcion* crystalized the directive… that **the FAA's purpose is to give preference (instead of mere equality) to arbitration provisions**."  722 F.3d 1151, 1160 (9th. Cir. 2013) (emphasis added).  Throughout their Opposition, Plaintiffs seek to hold Handy's arbitration provision to a higher standard than a basic contract, when in fact the FAA mandates the opposite effect.  Because the Terms of Use constitute a binding agreement, the arbitration provision in the Terms of Use is equally binding.

Plaintiffs' argument that the Terms of Use do not cover the instant dispute belies their argument that the agreement is unenforceable, but is also unavailing.  The arbitration provision expressly covers any dispute "related to" the Terms of Use.  The Terms of Use contractually establish that Handy is not Plaintiffs' employer, yet Plaintiffs directly contest this issue in this case.  The Terms of Use also govern the use of Handy's platform and payment for the jobs Plaintiffs booked using the platform.  If Plaintiffs could establish Handy was their employer (which Handy disputes), the cleaning jobs and payment for those are central to establishing the extent of Handy's liability.  There can be no question that this dispute "relates to" the Terms of Use.

Plaintiffs also claim that the issue of enforceability cannot be delegated to the arbitrator because Handy failed to incorporate the AAA Commercial Rules into the Arbitration Provision.  At the same time, Plaintiffs hold those same rules up as evidence the agreement is unenforceable.  If the Court finds that Handy succeeded in incorporating the AAA Commercial Rules, then it must compel arbitration as the issue of arbitrability has been delegated to the arbitrator.

On the other hand, should the Court find that Handy failed to incorporate the AAA Commercial Rules, the agreement to arbitrate still stands, and the specifics of the arbitration procedure are governed by the Federal Arbitration Act instead.  *See Cruise v. Kroger Co.*, No. B248430, 2015 Cal. App. LEXIS 44, *2-3 (Jan. 20, 2015) (finding in state court action that an

arbitration clause standing alone "is sufficient to show the parties agreed to arbitrate" and incorporating the California Arbitration Act in lieu of procedural rules that the employer failed to prove were provided to the employee).

Plaintiffs cannot have it both ways: they cannot have taken advantage of Handy's platform to book cleaning jobs and receive payment while ignoring the obligations that follow from doing so.  Defendants' motion to compel arbitration must be granted.  *Avina v. Cigna Healthplans of California*, 211 Cal.App.3d 1, 3 (1989) ("To allow respondent to assert rights and benefits under the contract and then later repudiate it merely to avoid arbitration would be entirely inequitable . . . respondent is estopped by her own subsequent conduct from denying the existence of a contractual obligation.")

## II.     ADDITIONAL RELEVANT FACTUAL BACKGROUND

Plaintiffs Vilma and Greta Zenelaj ("Plaintiffs") are sisters who own and operate Colored Films, a film production company that has completed two films and is currently producing a third, which is being filmed both in the United States and abroad.  Both of Plaintiffs' completed films have won awards, and their website describes the company to potential investors as follows:

> Colored Films is humbly seeking private investor(s). The investor(s) will receive Executive Producer credit. We are a dedicated production company that is determined to make entertaining and successful films. We intend to reach our prospective audience through prominent distributors such as Fox Searchlight, Sony Classics, Paramount Vintage, etc. Additional financial return from our features is expected from film festivals, the film markets, TV and DVD rentals. We plan to develop marketable scripts with intriguing elements, surprises, and originality which the audience will appreciate and want to view on the big screen.
>
> …
> With our years of experience and talent, we are working hard to make this a very exciting and financially rewarding business venture. We hope that this information has given you a high level understanding of Colored Films strategic direction.

(Declaration of Andrew M. Spurchise in support of Reply in support of Defendant's Motion to Compel Arbitration ("Spurchise Reply Decl."), ¶ 2.)  Plaintiffs are not unsuspecting, unsophisticated

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION                   3.                   Case No. 4:14-cv-05449-TEH

individuals "surprised" by the terms of their commercial contract with Handy.[1] They are businesswomen, experienced in searching out "financially rewarding business venture[s]." Handy's platform is merely supplementary for Plaintiffs, meaning Plaintiffs were no more dependent on Handy than Handy was on Plaintiffs.

On or about April 12, 2014, Plaintiffs each entered into an agreement – entitled the Terms of Use – with Handy in order to use Handy's online portal to book cleaning jobs. Declaration of Umang Dua in support of Defendant's Motion to Compel Arbitration (Dkt. 8-1) ["Dua Decl."], ¶¶ 2-4, Ex. A, B.) The Terms of Use applicable to this case included a provision entitled "Dispute Resolution and Governing Law" (sometimes referred to as the "Arbitration Provision"). (Dua Decl., Ex. A.)

### III.   PLAINTIFFS MUST BE COMPELLED TO ARBITRATION

In *Mortensen v. Bresnan Comm'n, LLC*, the Ninth Circuit addressed the broad sweep of the Supreme Court's landmark *Concepcion* decision, stating unambiguously:

> We interpret *Concepcion's* holding to be broader than a restriction on the use of unconscionability to end-run FAA preemption. We take *Concepcion* to mean what its plain language says: Any general state-law contract defense, based in unconscionability or otherwise, that has a disproportionate effect on arbitration is displaced by the FAA.

722 F.3d at 1159. The Ninth Circuit emphasized the premise in *Concepcion* that "the FAA's purpose is to '***ensur[e]*** that private arbitrations are enforced.'" *Id*. at 1159 (emphasis added) (*citing AT&T Mobility, LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (*quoting Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ*., 489 U.S. 468, 474 (1989)). Indeed, the Ninth Circuit left no doubt as to *Concepcion's* application to all arbitration agreements governed by the FAA:

> In our view, *Concepcion* crystalized the directive, touched on in *Volt*, 489 U.S. at 474, that **the FAA's purpose is to give preference (instead of mere equality) to arbitration provisions**. 131 S. Ct. at 1748. *Concepcion* outlaws discrimination in state policy that is unfavorable to arbitration by further limiting the savings clause. We are bound by our duty to apply *Concepcion* and do so here.

---

[1] Under Local Rule 7-3(c), Handy objects to each Plaintiffs' Declaration submitted in support of Plaintiffs' Opposition (Dkt. 16-2. 16-3) on the basis of speculation and the use of incomplete hypotheticals.

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION                 4.                   Case No. 4:14-cv-05449-TEH

*Mortensen*, 722 F.3d at 1160 (emphasis added).  Thus, the FAA's prerogatives trump those of state law doctrines that seek to undermine the enforceability of arbitration provisions, and consideration of unconscionability principles are limited by those prerogatives. *Mortensen*, 722 F.3d at 1159. Plaintiffs largely ignore the precedent of *Concepcion* and *Mortenson* in their brief, citing each only for general background principles, without acknowledging to the Court that the principles set forth at length in these decisions mandate enforcement of the arbitration provision.  Handy now applies those principals to its Reply in support of its Motion to Compel Arbitration.

       **A.**      **The Terms of Use Govern Plaintiff's Claims**

A basic tenet of arbitration law is that an "order to arbitrate the particular grievance should not be denied unless it may be said with ***positive assurance*** that the arbitration clause is ***not*** susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583 (1960)) (emphasis added).  Here, Plaintiffs' claims are assuredly covered by the Terms of Use.  The Terms of Use expressly establish that Handy is *not* Plaintiffs' employer: "Handybook.com is not an employment service and does not serve as an employer of any User." (Dua Decl., Exh. A at p. 3.) The relevant Terms continue in a section entitled "No Agency," stating in full, "No independent contractor, agency, partnership, joint venture, employer-employee or franchisor-franchisee relationship is intended or created by this Agreement." (Dua Decl., Exh. A at p. 6.)  Plaintiffs' representations that a misclassification claim falls outside the Terms because their claims are employment related are an attempt to circumvent the common-sense truth that each of those claims is a "dispute, controversy or claim *related to* this Agreement..." (Declaration of Umang Dua in support of Defendant's Motion to Compel Arbitration ("Dua Decl."), Exh. A at p. 5, emphasis added.)  Plaintiffs' claims fail entirely if Plaintiffs cannot prove their relationship was inconsistent with the Terms.

Further, the Terms of Use have multiple other provisions that relate to Plaintiffs' relationship with Handy.  For example, Handy disclaims any liability for disputes between Users, which includes disputes a cleaning professional would have with a client.  (Dua Decl., Exh. A at p.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION

5.

Case No. 4:14-cv-05449-TEH

2.) In addition, the section entitled "Termination and Suspension" governs how Plaintiffs and Handy's relationship can end, a key factor under the *Borello* analysis. *See S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341, 350-351 (1989) (identifying the importance and relevance of the right to discharge the contractor) (Dua Decl., Exh. A at p. 3.) Lastly, the Terms of Use govern the cleaning professionals' rights to their payments, stating "Three days after a service is scheduled, if there is no complaint by the Handybook Service Requester, the service will be marked as closed by Handybook, the agreed upon payment will be transferred to the Handybook Service Professional's online account." (Dua Decl., Exh. A at p. 1-2.) Method of payment is another key factor under *Borello*. *See Borello*, 48 Cal.3d at 350-351.

Plaintiffs attempt to deflect the express terms of the contract by pointing the Court to cases finding "narrow" choice-of-law provisions as unenforceable and declaring them equivalent to arbitration provisions. (Plaintiffs' Opposition to Defendant's Motion to Compel Arbitration ("Pltfs. Opp.") at 4-6, *citing, e.g, Narayan v. EGL, Inc.*, No. C-05-04181 RMW, 2007 U.S. Dist. LEXIS 50465 (N.D. Cal. July 6, 2007); *Quinonez v. Empire Today, LLC*, No. C 10-02049 WHA, 2010 U.S. Dist. LEXIS 117393 (N.D. Cal. Nov. 4, 2010); *Cotter v. Lyft, Inc.*, No. 13-cv-04065 VC, 2014 U.S. Dist. LEXIS 109444 (N.D. Cal. Aug. 7, 2014).) However, this argument ignores the basic tenet of arbitration that Handy has presented from the start: "Doubts should be resolved in favor of coverage" (*AT&T Techs*. 475 U.S. at 650), and "discrimination" against arbitration is forbidden (*Mortensen*, 722 F.3d at 1160). Plaintiffs cannot attempt to defeat Handy's valid arbitration agreement by equating a choice-of-law provision to arbitration: governing law expressly prohibits this analogy.

Even if this Court takes issue with Handy's method of incorporating the AAA Commercial Rules, failure to prove what rules govern an arbitration agreement does not render that agreement unenforceable. In Cruise, the court held the following:

> We conclude the arbitration clause in the employment application, standing alone, is sufficient to establish the parties agreed to arbitrate their employment-related disputes, and that Cruise's claims against Kroger fall within the ambit of the arbitration agreement. The only impact of Kroger's inability to establish the contents of the 2007 Arbitration Policy is that Kroger failed to establish the parties agreed to govern their arbitration by procedures different from those prescribed in the California Arbitration Act (CAA) (§ 1280 et seq.).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION

6.

Case No. 4:14-cv-05449-TEH

> Therefore, the arbitration is to be governed by the CAA, rather than by the procedures set forth in the employer's Arbitration Policy. Accordingly, the order denying the motion to compel arbitration is reversed with directions to grant the motion.

*Cruise,* 2015 Cal. App. LEXIS 44, *2-3.  Handy need only show that the parties agreed to arbitrate disputes such as the instant action, which as explained above, it has done.  *See id.* at *12.  Regardless of whether the AAA Commercial Rules were effectively incorporated, the parties have agreed to arbitrate.  Thus, if the Court finds that Handy has failed in proving that the AAA Commercial Rules govern the agreement, then it must enforce the Arbitration Provision consistent with the procedural rules of the FAA.  *See*  9 U.S.C. § 3, 5, 7, & 9.

**B.     The Parties Clearly And Unmistakably Incorporated The AAA Rules By Reference**

When the parties have clearly and unmistakably provided in their agreement that the arbitrator is empowered to decide questions regarding the validity or scope of the agreement to arbitrate, it is up to the arbitrator, not the Court, to make those "gateway" determinations of arbitrability.  *Rent-A-Center, West, Inc. v. Jackson*, 561 U. S. 63, 68-71 (2010); *AT&T Techs. v. Communs. Workers of Am*., 475 U. S. at 649; *First Options of Chicago, Inc. v. Kaplan*, 514 U. S. 938, 943 (1995).

Here, the Arbitration Provision states "The arbitration will be commenced and conducted under the Commercial Arbitration Rules (the "AAA Rules") of the American Arbitration Association ("AAA"), and, where appropriate, the AAA's Supplementary Procedures for Consumer Related Disputes ("AAA Consumer Rules"), both of which are available at the AAA website www.adr.org."[2]  (Dua Decl., Exh. A at p. 5-6.)

*Oracle America v. Myriad Group A.G.*, cited by Handy in its moving papers, endorsed the "majority view" in other circuits that an arbitration agreement's incorporation of the AAA rules is a clear and unmistakable delegation of arbitrability to the arbitrator.  *Oracle America, Inc. v. Myriad Group A.G.,* 724 F.3d 1069, 1074 (9th Cir. 2013).  As the court noted in controlling

---

[2] Plaintiffs complain that the Terms of Use do not define, "where appropriate." (Pltfs. Opp. at 12-13.)  However, at the start, the Terms clearly state they apply to "Handybook Service Requesters" as well as cleaning professionals.  Logically, the Consumer Rules would apply to the requesters.

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION                   7.                    Case No. 4:14-cv-05449-TEH

1  precedent:

> Virtually every circuit to have considered the issue has determined that incorporation of the American Arbitration Association's (AAA) arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability. *See Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012); *Fallo v. High-Tech Inst.*, 559 F.3d 874, 878 (8th Cir. 2009); *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1373 (Fed. Cir. 2006); *Terminix Int'l Co. v. Palmer Ranch LP*, 432 F.3d 1327, 1332 (11th Cir. 2005); *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208 (2d Cir. 2005). Only one circuit has concluded otherwise. *See Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 777 & n.1, 780 (10th Cir. 1998).

*Id*. (footnote omitted). Plaintiffs' challenge to the *Oracle America* is without merit: the "majority view" throughout federal courts in the United States is that incorporation of AAA's rules constitutes a delegation of enforceability to the arbitrator. Therefore, any question as to the existence of an agreement to arbitrate, the validity of the Arbitration Provision or whether it applies to this dispute should be decided by the arbitrator.

### C. Plaintiffs Have Not Met Their Burden Of Proving Handy's Arbitration Provision Is Procedurally Unconscionable

If the Court nonetheless proceeds to the merits of Plaintiffs' arguments, the starting point for determining whether the Arbitration Provision is enforceable is procedural unconscionability, which "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise ...." *Pinnacle Museum Tower Association v. Pinnacle Market Development (US), LLC*, 55 Cal. 4th 223, 246 and 247 (2012) ("*Pinnacle Museum*"). Plaintiffs bear the burden of proving that the agreement is both procedurally and substantively unconscionable. *Green Tree Fin. Corporation-Alabama v. Randolph*, 531 U.S. 79, 92 (2000). Plaintiffs fail to show the facts surrounding Plaintiffs agreement to arbitrate warrants a finding of procedural unconscionability.

#### 1. Plaintiffs Are Sophisticated Business People And Failure To Read The Terms Of Use Does Not Render The Agreement Unenforceable

Plaintiffs ignore their experience running their own business when they spend a considerable portion of their papers contending that Handy's Arbitration Provision is unconscionable

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION

8.

Case No. 4:14-cv-05449-TEH

because it is adhesive and because Handy possesses allegedly "superior bargaining strength." (Pltfs. Opp. at 10-11.) Plaintiffs run a film production company called Colored Films which they opened almost seven years ago and which has produced award-winning films. (Spurchise Reply Decl., ¶ 2.) Their company has been recognized by the Los Angeles Times, among other news outlets, and the website describes Colored Films as "very exciting and financially rewarding business venture" taking its own "strategic direction." (Spurchise Reply Decl., ¶ 2.) Plaintiffs' business venture establishes not only that Plaintiffs are familiar with the type of commercial transaction defined in the Terms of Use, but also that they were financially dependent on Handy only to the extent *they decided to be*. This differs drastically from the cases Plaintiffs cite in support of their claims. (Pltfs. Opp. at 10-11, *citing, e.g, Antonelli v. Finish Line, Inc.*, No. 5:11-cv-03874, 2012 U.S. Dist. LEXIS 19787 (N.D. Cal. Feb. 16, 2012) (retail employees who were allegedly secretly filmed in the restroom by a manager).

Plaintiffs claim that their failure to know they were signing an arbitration agreement excuses them from its enforcement. The case law does not excuse their purported ignorance. The California Supreme Court recently explained that, "An arbitration clause within a contract may be binding on a party *even if the party never actually read the clause*." *Pinnacle Museum,* 55 Cal. 4th at 236. "Reasonable diligence requires the reading of a contract before signing it. A party cannot use his own lack of diligence to avoid an arbitration agreement." *Brookwood v. Bank of America*, 45 Cal. App. 4th 1667, 1673-74 (1999), *see Bolanos v. Khalatian*, 231 Cal. App. 3d 1586, 1590 (1991) ("When a person with the capacity of reading and understanding an instrument signs it, he may not, in the absence of fraud, coercion or excusable neglect, avoid its terms on the ground he failed to read it before signing it"); *see also California State Auto. Ass'n, Inter-Insurance Bureau v. Barrett Garages, Inc.*, 257 Cal. App. 2d 71, 76 (1967) ("[T]he general rule is that a person is bound by the printed contractual provisions of an instrument which he accepts delivery of *if*, as an ordinarily prudent man, he could and should have read such provisions) (emphasis original). This concept applies equally to electronic click-through agreements. *Guadagno v. E*Trade Bank*, 592 F. Supp. 2d 1263 (C.D. Cal. 2008) (enforcing arbitration clause in electronic agreement).

Plaintiffs, experienced entrepreneurs, cannot rely on supposed inferior bargaining

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION                 9.                    Case No. 4:14-cv-05449-TEH

power and failure to read the contract to excuse them from their prior agreement to arbitrate disputes with Handy.

### 2. Handy Need Not Have Provided The AAA Rules For Arbitration To Be Enforced

Procedural rules that do not affect the substantive rights of an individual need not be supplied to the person at the time of signing, especially when easily accessible. *See Peng v. First Republic Bank,* 219 Cal. App. 4th 1462, 1471-72 (2013) ("we find the failure to attach [the arbitration] rules, standing alone, is insufficient grounds to support a finding of procedural unconscionability."). In *Peng*, the court overturned the trial court's denial of the employer's petition to compel arbitration and held that the arbitration agreement was enforceable despite the fact that the employer had not supplied the plaintiff with the American Arbitration Association ("AAA") rules. *Id*. at 1475. The court explained that unlike in other cases, such as *Trivedi v. Curexo Technology Corp.,* (189 Cal. App.4th 387 (2010)), and *Fitz v. NCR Corp.*, (118 Cal.App.4th 702 (2004)), the AAA rules only affected the plaintiff's **procedural rights**, which was not sufficient to find unenforceable an arbitration provision. *Peng*, 219 Cal. App. 4th at 1471-72 (distinguishing *Trivedi* and *Fitz*.) (Emphasis added.)

Just as the *Peng* court noted, the applicable AAA Rules are easily available online, and cover only the procedure by which Plaintiff would arbitrate his claims, not the substance of his underlying rights.[3] *Id*. at 1470 n.5. The cases Plaintiffs cite to support their position that "failure to provide the rules governing the arbitration is procedurally unconscionable" were all decided ***prior to Peng*** and most importantly, include additional issues of procedural unconscionability not present here. (Pltfs. Opp. at 12, *citing, e.g, Samaniego v. Empire Today LLC,* 205 Cal.App.4th 1138 (2012) (arbitration agreement unconscionable when provided to Spanish speaking employees in English, which they could not read.)

---

[3] A copy of the rules is among the first links if one types into a Google search bar "AAA Commercial Arbitration Rules." (Spurchise Reply Decl., ¶ 3.)

REPLY IN SUPOPRT OF DEF'S MOTION TO COMPEL ARBITRATION  10.  Case No. 4:14-cv-05449-TEH

### 3. The Arbitration Provision Requires The Same Treatment As Other Provisions Of Plaintiffs' Contract

Arbitration agreements must be treated at least as favorably any other contract would be, if not more so: "the FAA precludes judicial invalidation of an arbitration clause based on state law requirements that are not generally applicable to other contractual clauses, such as proof of actual notice, meaningful reflection, signature by all parties, and/or a unilateral modification clause favoring the nondrafting party." *Pinnacle Museum,* 55 Cal. 4th at 245.

The most prominent example of Plaintiffs' attempts to create impermissible restrictions of arbitration agreements that do not apply to other contracts is their objection to the location and visual impact of the arbitration provision. However, this focus is mislaid, as requiring that an arbitration provision be subject to specific requirements that other contract provisions need not meet is tantamount to the discrimination against arbitration agreements that *Concepcion* mandated is improper. *See Pinnacle Musuem,* 55 Cal. 4th at 243 (the FAA preempts any statutory provision that specifically discriminates against arbitration).

Thus, Plaintiffs complaints that the Arbitration Provision is "contained in the seventy fourth through eightieth paragraphs" of the Terms of Use are misplaced. The provision had to be located *somewhere* in the agreement. That is was located at paragraph 74 is no better or worse than if it was located at paragraph one or 300. Even disregarding that the seven paragraphs of the Arbitration Provision take up almost an entire page of a mere six-page agreement, any requirement that the Arbitration Provision be set apart, or in larger font, or require a separate signature, would be in direct contradiction with *Mortensen*'s holding that "the FAA's purpose is to give preference (instead of mere equality) to arbitration provisions." *Mortensen*, 722 F.3d at 1160. Obligations such as those Plaintiff advocates would inherently place stricter requirements on arbitration agreements, the exact opposite of what the FAA mandates.

### D. The Provision Is Substantively Conscionable

Substantive unconscionability relates to "the fairness of the agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Pinnacle Museum*, 55 Cal. 4th. at 246. "A contract term is not substantively unconscionable when it merely gives one side a greater

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION    11.    Case No. 4:14-cv-05449-TEH

benefit; rather, the term must be 'so one-sided as to "shock the conscience."'" *Id*. Plaintiffs utterly fail to show that the Arbitration Agreement is substantively unconscionable.

### 1. The Arbitration Provision Is Not So One-Sided As To Justify Disregarding It

Plaintiffs argue that the Arbitration Provision is substantively unconscionable because it lacks mutuality – supposedly carving out claims that benefit Handy – and because Handy reserves the right modify the Terms of Use. Upon closer inspection, both these arguments fail.

Even "one sided" arbitration agreements are enforceable under governing law. Specifically, the California Supreme Court has "made clear that arbitration clauses may be limited to a specific subject or subjects and that such clauses are not required to 'mandate the arbitration of all claims between [the parties] in order to avoid invalidation on grounds of unconscionability.' *Pinnacle Museum,* 55 Cal. 4th at 248 (quoting *Armendariz v. Found. Health Psychare Servs., Inc.*, 24 Cal. 4th 83, 120 (2000).) There is nothing inherently unfair about arbitration agreement that carve out certain types of claims. Indeed, these types of provisions are permissible in arbitration agreements because at their root, they are contracts, and must be enforced under the limitations of the covenant of good faith and fair dealing. *See 24 Hour Fitness, Inc. v. Sup. Ct.,* 66 Cal. App. 4th 1199, 1214 (1998); *Martinez v. Scott Specialty Gases, Inc.,* 83 Cal. App. 4th 1236, 1246 (2000); *see also Asmus v. Bell*, 23 Cal.4th 1, 16 (2000) (agreement is not illusory, despite a unilateral modification provision, where the party attacking the agreement "obtained the benefits of the [agreement] while it was operative."). Even if an arbitration agreement could be viewed as one-sided, when a lawful interpretation of the arbitration provision exists, a court must adopt that interpretation "because of the general principle that we interpret a contractual provision in a manner that renders it enforceable rather than void." *Pearson Dental Supplies, Inc. v. Superior Court*, 48 Cal. 4th 665, 682 (2010).

Further, "California courts have held that [] modification provisions…[that] grant an employer the unilateral right to modify the terms of the [arbitration agreement] without providing advance notice [] are not substantively unconscionable." *Slaughter v. Stewart Enters., Inc.*, 2007 U.S. Dist. LEXIS 56732, *30-31 (N.D. Cal. Aug. 3, 2007). *See also 24 Hour Fitness, Inc.,* 66 Cal.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION

12.

Case No. 4:14-cv-05449-TEH

1   App. 4th at 1214 ("[W]here the contract specifies performance the fact that one party reserves the
2   power to vary it is not fatal if the exercise of the power is subject to prescribed or implied limitations
3   such as the duty to exercise it in good faith and in accordance with fair dealings.)".

4         Here, Plaintiffs claim that the Arbitration Provision exceptions unfairly benefit
5   Handy.  However, a close examination of the text reveals the Arbitration Provision is wholly mutual.
6   For example, the Arbitration Provision does not apply to claims – by *either* Handy or a User –
7   related to the invasion of privacy or intellectual property claims.  A claim for invasion of privacy is
8   exceedingly more likely to be brought by Users than Handy, as Handy generally possesses more
9   information about individual Users than they would about Handy.  Further, claims for intellectual
10  property can go both ways, as Handy contracts with independent businesses, or individuals with their
11  own, separate businesses, such as the Plaintiffs and their film production company.  As independent
12  filmmakers, Plaintiffs are as (if not more) interested in protecting their intellectual property as
13  Handy is.

14        Because the Arbitration Provision does not lack mutuality, and because the ability to
15  unilaterally change the agreement is insufficient for a finding of unconscionability, Plaintiffs attempt
16  to paint the Terms of Use as one-sided fail.

17        **2.**    **Plaintiff Cannot Assume Rights Will Be Waived**

18        Courts "should not, on the basis of 'mere speculation' that an arbitrator might
19  interpret these ambiguous agreements in a manner that casts their enforceability into doubt, take
20  upon ourselves the authority to decide the antecedent question of how the ambiguity is to be
21  resolved… the proper course is to compel arbitration."  *PacifiCare Health Sys. v. Book*, 538 U.S.
22  401, 406-07 (2003).

23        Plaintiffs' "what-if" concerns regarding the fee provisions of the AAA Commercial
24  Rules should not be given credence.  Plaintiffs cannot assume the arbitrator will violate the law.  In
25  fact, the strong public policy and precedent in favor arbitrations imply the opposite approach: the
26  Court should assume the arbitrator will follow the law.  Plaintiffs take issue with the possibility that
27  the provision "may permit" Handy to recover fees to which it would not otherwise be entitled.  First,
28  their concern is misplaced, as the AAA Commercial Rules only permits attorneys' fee awards if

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION     13.     Case No. 4:14-cv-05449-TEH

"authorized by law." (Declaration of Andrew M. Spurchise in support of Defendant's Motion to Compel Arbitration (Dkt. 8-2), Exh. A, at p. 26 (Rule 47(d)).)  Second, to support this argument, Plaintiffs rely heavily on *Pokorny*. (Pltfs. Opp. at 22, *citing Pokorny v. Quixtar, Inc.,* 601 F.3d 987 (9th Cir. 2010)).  However, this argument and *Pokorny* predate *Concepcion* and its progeny, making the legitimacy of their position questionable at best.  The mere possibility a provision will be interpreted by the arbitrator unconscionably is insufficient to contradict the Supreme Court's position in *PacificCare Health*: the Court cannot base a finding of unconscionability on a speculation that the arbitrator will not act lawfully.  538 U.S. at 406-07.

### E. The Court Should Compel Arbitration Under Either of Plaintiffs' Legal Theories

Plaintiffs seek to get the benefits of all their arguments by first claiming that the AAA Rules were not incorporated in the Terms of Use, but then pointing to those same rules for evidence of unconscionability.  However, Plaintiffs cannot have their cake and eat it.  As explained above, the AAA Rules are either incorporated into the Terms of Use, and thus the arbitrator must decide the threshold question of arbitrability, or they are not a part of the agreement, and the Court should compel arbitration under the reasoning in *Cruise*. *See Cruise,* 2015 Cal. App. LEXIS 44, *2-3. What is impermissible is for Plaintiffs to avoid the incorporation of the AAA Rules for purposes of whether the arbitrator should decide arbitrability, but then use those same rules to find the entire provision unconscionable.

### F. PAGA Claims Should Be Ordered Into Arbitration On An Individual Basis Or, In The Alternative, Stayed

As explained in Handy's original Motion, Plaintiffs' PAGA claims should be ordered into arbitration on an individual basis.  After Plaintiffs had submitted their opposition, the United States Supreme Court denied certiorari review of *Iskanian v. CLS Transportation Los Angeles, LLC.*, 59 Cal. 4th 348 (2014).  It is axiomatic that this constitutes neither affirmation nor a denial of the California High Court's decision.  *Maryland v. Baltimore Radio Show, Inc.*, 338 U.S. 912, 919 (1950).  As Plaintiffs point out, the Ninth Circuit has yet to decide the issue.  However, many district courts have determined that the FAA preempts California's rule prohibiting the waiver of

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION     14.     Case No. 4:14-cv-05449-TEH

representative PAGA claims.[4]  Thus, this Court should order Plaintiffs to arbitrate their PAGA claims on an individual basis.

Should the Court decide that *Iskanian* applies, the FAA requires that this action be stayed.  9 U.S.C. § 3; *Rodriguez v. American Technologies, Inc.* (2006) 136 Cal. App. 4th 1110, 1122 (when the FAA governs, section 3 requires that the court action be stayed pending arbitration).  As set forth above, because Plaintiffs' substantive claims are covered by a valid and enforceable arbitration agreement under the FAA, Plaintiffs' PAGA claims should be stayed pending the resolution of their substantive claims in arbitration.  *See* 9 U.S.C. § 3 (stating that if the Court should find that this action "is referable to arbitration [the Court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.")  Inarbitrable claims (such as Plaintiffs' PAGA claims) are severable from arbitrable claims (such as Plaintiff's non-PAGA claims) such that binding arbitration may proceed, with all inarbitrable claims stayed pending resolution of the arbitration.  *See RN Solution, Inc. v. Catholic Healthcare West* (2008) 165 Cal. App. 4th 1511, 1521.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Handy's Motion to Compel Arbitration.

Dated: January 26, 2015

/s/ Andrew M. Spurchise
ANDREW M. SPURCHISE
LITTLER MENDELSON, P.C.
Attorneys for Defendant
HANDY TECHNOLOGIES, INC.
(D/B/A HANDY, F/K/A HANDYBOOK, INC.)

---

[4] *See, e.g., Asfaw v. Lowe's HIW, Inc.,* 2014 U.S. Dist. LEXIS 68657, at *23-28 (C.D. Cal. May 13, 2014); *Appelbaum v. AutoNation Inc.*, 2014 U.S. Dist. LEXIS 50588, at *30-33 (C.D. Cal. Apr. 8, 2014); *Parvateneni v. E*Trade Financial Corp.*, 967 F.Supp.2d 1298, 1305 (N.D. Cal. 2013); *Velazquez v. Sears, Roebuck and Co.*, 2013 U.S. Dist. LEXIS 121400, at *15-16 (S.D. Cal. Aug. 23, 2013); *Andrade v. P.F. Chang's China Bistro, Inc.*, 2013 U.S. Dist. LEXIS 112759, at *27-32 (S.D. Cal. Aug. 9, 2013); *Miguel v. JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 16865, at *25-28 (C.D. Cal. Feb. 5, 2013); *Quevedo v. Macy's Inc.*, 798 F.Supp.2d 1122, 1140-42 (C.D. Cal. 2011).

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

REPLY IN SUPOPRT OF DEF'S
MOTION TO COMPEL ARBITRATION                15.                    Case No. 4:14-cv-05449-TEH