Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
James Kan (SBN 240749)
jkan@gbdhlegal.com
Byron Goldstein (SBN 289306)
brgoldstein@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:   (510) 763-9800
Fax:   (510) 835-1417

David Browne (SBN 261345)
david@brownelaborlaw.com
Devin Coyle (SBN 267194)
dcoyle@workerscounsel.com
BROWNE LABOR LAW
475 Washington Blvd.
Marina del Rey, CA  90292
Tel:   (310) 421-4810
Fax:   (310) 421-4833

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GRETA ZENELAJ AND VILMA ZENELAJ, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>HANDYBOOK, INC.,<br><br>          Defendants. | Case No.: 14-cv-05449 TEH<br><br>**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**<br><br>Hon. Thelton E. Henderson |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Civil Local Rule 3-13, Plaintiffs Vilma Zenelaj and Greta Zenelaj submit this Notice of Pendency of Other Action or Proceeding. The following two actions involve a material part of the same subject matter and the same Defendant, Handy Technologies, Inc. ("Handy"), as the above-captioned action: *Washington, et al. v. Handy Technologies, Inc.,* Case No. CGC-15-546980 (S.F. County Superior Court) filed July 21, 2015; and *Easton, et al. v. Handy Technologies, Inc.,* Case No. 37-2016-4419-CU-OE-CTL (San Diego County Superior Court) filed February 9, 2016.

*Zenelaj*, *Washington*, and *Easton* each allege that Handy unlawfully misclassified its cleaners under California law. *Zenelaj* includes class action claims for violations of the California Labor Code and representative action claims under the California Private Attorneys General Act of 2004 ("PAGA"). *Washington* includes representative action claims under PAGA and does not include class action claims. *Easton* includes class action claims under the California Labor Code and does not include representative action claims under PAGA. The named plaintiffs in each of the three cases are different.

In *Washington*, Handy has filed an answer to the complaint and a motion to stay the proceeding pending the *Zenelaj* arbitration. The plaintiff in *Washington* asserts that she is subject to a different arbitration agreement than the plaintiffs in *Zenelaj* because, following this Court's March 3, 2015 order on Handy's motion to compel, Handy drafted at least two new agreements with its cleaners and each of these agreements includes an arbitration provision that is different from the arbitration provision examined in *Zenelaj*. The hearing on Handy's motion in *Washington* is currently scheduled for March 11, 2016. In *Easton*, thus far, the only filing is the complaint.

///
///
///
///
///
///
///
///

*Zenelaj* and *Washington* are represented by the same plaintiffs' counsel, who have already indicated to Handy that they are willing to coordinate discovery in the two actions. Presumably, as the last filed case, *Easton* would similarly want to avoid duplication in discovery. Plaintiffs believe it is premature at this point for any further coordination, but if it later appears that there will be a need for more coordination, Plaintiffs will seek assistance from this Court as appropriate.

Dated:  March 7, 2016                    Respectfully submitted,

GOLDSTEIN, BORGEN, DARDARIAN & HO


 /s/
Byron R. Goldstein

Attorneys for Plaintiffs