JoAnna L. Brooks (SBN 182986)
JBrooks@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Blvd., Ste. 600
Walnut Creek, CA  94108-2693
Tel:    (925) 932-2468
Fax:    (925) 946-9809

Attorneys for Defendant Handybook, Inc.
*Additional Counsel listed on signature page*

Laura L. Ho (SBN 173179)
lho@gbdhlegal.com
Byron Goldstein (SBN 289306)
brgoldstein@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Tel:    (510) 763-9800
Fax:    (510) 835-1417

Attorneys for Plaintiffs
*Additional counsel listed on signature page*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GRETA ZENELAJ AND VILMA ZENELAJ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> Handybook, Inc., <br><br> Defendant. | Case No.: 14-cv-05449 TEH <br><br> **JOINT STATUS STATEMENT** <br><br> Complaint Filed:  October 30, 2014 |

The parties submit this Joint Status Statement as ordered by the Court to set forth the current status of the action.  On July 21, 2015, after this Court granted Defendant's motion to compel arbitration based on a finding that the American Arbitration Association's Commercial Arbitration Rules contained a valid delegation clause, Plaintiffs filed a demand for arbitration with the American Arbitration Association.  Plaintiffs subsequently filed a motion to remand the action to federal court and to rule that the class action waiver in Defendant's arbitration agreement was unenforceable.  A hearing on Plaintiffs' motion was heard on April 15, 2016 before arbitrator Michael D. Zimmerman. The arbitrator denied Plaintiffs' motion for remand.  The Arbitrator ruled that Defendant's Terms of Use contained no procedural unconscionability and no substantive unconscionability, ruled that the class action waiver was enforceable, and held that both the Plaintiffs' individual and PAGA representative claims may proceed in arbitration.  A true and correct copy of the Arbitrator's Order dated June 10, 2016 is attached to this report and incorporated herein.

Dated:  June 20, 2016                      Respectfully submitted,


                                           _____*/S/ Laura L. Ho*_____
                                           Laura L. Ho (SBN 173179)
                                           lho@gbdhlegal.com
                                           Byron Goldstein (SBN 289306)
                                           brgoldstein@gbdhlegal.com
                                           GOLDSTEIN, BORGEN, DARDARIAN & HO
                                           300 Lakeside Drive, Suite 1000
                                           Oakland, CA  94612
                                           Tel:   (510) 763-9800
                                           Fax:   (510) 835-1417

Dated:  June 20, 2016                      Respectfully submitted,


                                           _____*/S/ David Browne*_____
                                           David Browne (SBN 261345)
                                           david@brownelaborlaw.com
                                           Devin Coyle (SBN 267194)
                                           dcoyle@workerscounsel.com
                                           BROWNE LABOR LAW
                                           475 Washington Blvd.
                                           Marina del Rey, CA  90291
                                           Tel:   (760) 994-7668
                                           Fax:   (310) 421-4833

                                           Attorneys for Plaintiffs

Dated:  June 20, 2016                     Respectfully submitted,


                                              _/S/ JoAnna L. Brooks_____
                                          JoAnna L. Brooks
                                          JBrooks@littler.com

                                          Andrew M. Spurchise
                                          ASpurchise@littler.com
                                          Mel M.C. Cole
                                          mmcole@littler.com
                                          Roxanna F. Iran
                                          RIran@littler.com
                                          LITTLER MENDELSON, P.C.
                                          650 California Street, 20th Floor
                                          San Francisco, CA 94108-2693
                                          Tel:   (415) 433-1940
                                          Fax:   (415) 399-8490

                                          Attorneys for Defendant Handybook, Inc.

## ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated:  June 20, 2016                     Respectfully submitted,


                                              _/S/ JoAnna L. Brooks_____
                                          JoAnna L. Brooks
                                          JBrooks@littler.com

                                          LITTLER MENDELSON, P.C.

                                          Attorneys for Defendant Handybook, Inc.

Firmwide:141091098.1 082196.1011

602764.1

**AMERICAN ARBITRATION ASSOCIATION**
**EMPLOYMENT ARBITRATION PANEL**

| | |
|---|---|
| VILMA and GRETA ZENELAJ, | **ORDER NO. 2** |
| Claimants, | **RE: CLAIMANTS' MOTION TO REMAND** |
| v. | No. 01-15-0004-3809 |
| HANDYBOOK, INC., | Michael D. Zimmerman, Arbitrator |
| Respondent. | Jonathan Weed, Case Manager |

Pursuant to the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures, a telephonic hearing was held on April 15, 2016, before neutral arbitrator Michael D. Zimmerman. Appearing at the hearing were Laura Ho, James Kan, and Byron Goldstein of Goldstein, Borgen, Dardarian & Ho for claimants Vilma and Greta Zenelaj ("Claimants"), and Joanna L. Brooks of Littler Mendelson, P.C. for respondent Handybook, Inc., a.k.a. Handybook Technologies, Inc., Corporation, d.b.a. Handy ("Respondent").

Claimants entered into an agreement with Handybook through Handybook's website on or about April 12, 2014. Plaintiffs desired to obtain jobs through use of the site. The on-line agreement they executed is entitled the "Terms of Use" ("TOU"). Claimants accepted Handybook's TOU as a condition of obtaining access to Handybook's online portal. (Dua Decl., Ex. A at p. 5-6.) The TOU included the following under the heading "Dispute Resolution and Governing Law" (hereinafter "Arbitration Provision"):

> [¶1] Informal Negotiations. To expedite resolution and reduce the cost of any dispute, controversy or claim related to this Agreement ("Dispute"), you and Handybook.com agree to first attempt to negotiate any Dispute (except those Disputes expressly excluded below) informally for at least thirty (30) days before initiating any arbitration or court proceeding. . . .

> [¶2] Binding Arbitration. If you and Handybook.com are unable to resolve a Dispute through informal negotiations, either you or Handybook.com may elect to have the Dispute (except those Disputes expressly excluded below) finally and exclusively resolved by binding arbitration. Any election to arbitrate by one party will be final and binding on the other. YOU UNDERSTAND THAT IF EITHER PARTY ELECTS TO ARBITRATE, NEITHER PARTY WILL HAVE THE RIGHT TO SUE IN COURT OR HAVE A JURY TRIAL. The arbitration will be

1

commenced and conducted under the Commercial Arbitration
Rules (the "AAA Rules") of the American Arbitration Association
("AAA") and, where appropriate, the AAA's Supplementary
Procedures for Consumer Related Disputes ("AAA Consumer
Rules"), both of which are available at the AAA website
www.adr.org. Your arbitration fees and your share of arbitrator
compensation will be governed by the AAA Rules (and, where
appropriate, limited by the AAA Consumer Rules). If such costs
are determined by the arbitrator to be excessive, Handybook.com
will pay all arbitration fees and expenses. The arbitration may be
conducted in person, through the submission of documents, by
phone or online. The arbitrator will make a decision in writing, but
need not provide a statement of reasons unless requested by a
party. The arbitrator must follow applicable law, and any award
may be challenged if the arbitrator fails to do so. Except as
otherwise provided in this Agreement, you and Handybook.com
may litigate in court to compel arbitration, stay proceeding pending
arbitration, or to confirm, modify, vacate or enter judgment on the
award entered by the arbitrator.

[¶3] Exceptions to Alternative Dispute Resolution. You and
Handybook.com agree that the following Disputes are not subject
to the above provisions concerning informal negotiations and
binding arbitration: (a) any Disputes seeking to enforce or protect,
or concerning the validity of, any of your or Handybook.com's
intellectual property rights; (b) any Dispute related to, or arising
from, allegations of theft, piracy, invasion of privacy or
unauthorized use; and (c) any claim for injunctive relief.

[¶4] Restrictions. You and Handybook.com agree that any
arbitration will be limited to the Dispute between Handybook.com
and you individually. To the full extent permitted by law, (a) no
arbitration will be joined with any other; (b) there is no right or
authority for any Dispute to be arbitrated on a class-action basis or
to utilize class action procedures; and (c) there is no right or
authority for any Dispute to be brought in a purported
representative capacity on behalf of the general public or any other
persons.

[¶5] Location. Arbitration will take place at any reasonable
location within the United States convenient for you.

[¶6] Severability. You and Handybook.com agree that if any
portion of this section entitled "Dispute Resolution and Governing
Law" is found illegal or unenforceable, that portion will be severed
and the remainder of the section will be given full force and effect.

> Notwithstanding the foregoing, if the subsection entitled
> "exceptions to Alternative Dispute Resolution" is found to be
> illegal or unenforceable, neither you nor Handybook.com will elect
> to arbitrate any Dispute falling within that portion of that
> subsection that is found to be illegal or unenforceable and such
> Dispute will be decided by a court of competent jurisdiction and
> you and Handybook.com agree to submit to the personal
> jurisdiction of that court.

The Claimants filed an action against Handybook in California state court, contending, inter alia, that while Handybook's TOU purported to classify Claimants and other cleaners as independent contractors, in fact they were employees. Claimants asserted that Handybook was therefore in violation of various labor laws of the state of California and was liable for those violations. Claimants sought to bring their claims as a class action on behalf of others similarly situated, and to also assert representative PAGA claims under California law. Handybook removed the case to the United States District Court for the Northern District of California. The matter was assigned to Judge Henderson. Handybook sought an order compelling arbitration pursuant to the Arbitration Provision in its TOU. The district court entered an order compelling arbitration. *Zenelaj v. Handybook Inc.*, 82 F. Supp. 3d 968 (N.D. Cal. 2015). The matter was assigned to Michael Zimmerman as the arbitrator ("Arbitrator").

The district court determined that the parties had agreed that the threshold question of arbitrability was to be determined by the arbitrator, i.e., whether there is an agreement to arbitrate and whether it covers the dispute in question. The court further decided that Handybook's assertion of arbitrability was not "wholly groundless" and, therefore, had to be left to the arbitrator. The court also determined that the class-action waiver in the TOU was valid and enforceable, but that the waiver of representative actions was not insofar as it applied to PAGA claims under California law. *Id.* at 976-77. Finally, the district court determined that PAGA claims could be arbitrated. *Id.* at 977.

Before the Arbitrator, Claimants have renewed arguments made to the district court that the Arbitration Provision in specific, and the TOU as a whole, are unconscionable and therefore unenforceable under California law. They ask for several alternative determinations: (1) remand all claims to the district court on grounds that the parties did not agree to arbitrate Claimants' statutory claims; (2) determine that even if the arbitration agreement does cover Claimants' statutory claims, the agreement is unenforceable because it is permeated with unconscionability; or, alternatively, (3) remand the PAGA actions back to the district court on the grounds that they cannot be arbitrated because the real part in interest is the State of California and there was no agreement to arbitrate representative claims, and (4) determine that Claimants' class claims shall proceed in arbitration.

Having reviewed the materials submitted, the Arbitrator now rules as follows.

3

### 1. The parties agreed to arbitrate Claimants' statutory claims[1]

The first question presented is whether the Claimants' statutory labor law claims are arbitrable, and whether they agreed to arbitrate them.

As a general matter, statutory claims *are* arbitrable if the parties' contract involves interstate commerce and is governed by the FAA. *Mitsubishi Motors v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985); *Khalatian v. Prime Time Shuttle, Inc.,* 237 Cal. App. 4th 651, 657 (2015). In California, if a contract "evidences a transaction involving interstate commerce," then Labor Code claims may be arbitrated. *Khalatian,* 237 Cal. App. 4th at 657. Additionally, in California, arbitration clauses, including those contained in agreements between principals and independent contractors, apply to extra-contractual disputes between the contracting parties. *Id.*

Handybook owns and operates its software platform in over a dozen states. (Dua Decl. ¶2.) Claimants are able to use Handybook's online tool to book cleaning jobs. *Id.* The material posted online crossed state lines. Claimants' use of Handybook's online portal therefore involved interstate commerce.

Claimants cite various cases in support of the proposition that the Labor Code claims cannot be arbitrated. Those cases generally concern provisions addressing the choice of law and choice of forum. *E.g. Elijahjuan v. Super. Ct.*, 210 Cal. App. 4th 15 (2012); *Hoover v. Am. Income Life Ins. Co.*, 206 Cal. App. 4th 1193, 1209 (2012); *Narayan v. EGL, Inc.*, 606 F.3d 895, 899 (9th Cir. 2010). However, the Arbitrator finds these cases distinguishable, as suggested by *Galen v. Redfin Corp.*, 227 Cal. App. 4th 1525 (2014) and *Lane v. Francis Capital Management LLC*, 224 Cal. App. 4th 676 (2014). The Arbitrator concludes that the statutory claims are arbitrable.

Claimants next argue that they did not agree to arbitrate their statutory claims. They assert that the TOU "does not expressly state that there was an agreement to arbitrate these statutory claims." (Claimants Motion at 9.) They also argue that they "did not agree to arbitrate their statutorily-based claims because these claims do not *relate to* rights afforded by" Handybook's TOU. (Claimants Motion at 9) (emphasis added).

As a condition of using Handybook's online platform, Claimants agreed to arbitrate "*any* dispute, controversy or claim *related* to this Agreement." Arbitration Provision at ¶1 (emphasis added). This is broadly inclusive language that routinely is held to demonstrate an intention to submit any claims relating to a contract to arbitration. The disputes over the statutory claims are "related" to the TOU because they arise as a result of its existence. In particular, Claimants assert that they were "employees" of Handybook, while Handybook argues they were not. In support of its position that the Claimants were not employees, Handybook relies on the provision in the TOU stating "Handybook.com is not an employment service and does not serve as an employer of any User." (Dua Decl., Ex. A at p. 3.) The central dispute between the parties is therefore

---

[1] Handybook argues that the arbitrator need not address these issues. However, the district court delegated this authority to the arbitrator. *Zenelaj v. Handybook Inc.*, 82 F. Supp. 3d 968, 971 (N.D. Cal. 2015).

"related to" the TOU. Additionally, even were the claims not directly related to the TOU, they are at a minimum extra-contractual disputes. As such, they are still subject to arbitration because, in California, it is settled that arbitration clauses apply to extra-contractual disputes. *Khalatian*, 237 Cal. App. 4th at 657.

The Arbitrator concludes that Claimants agreed to arbitrate all claims, including statutory claims; that their statutory claims arise out of interstate commerce; and that Claimants' statutory claims are arbitrable.

### 2.  The Arbitration Provision is not unconscionable and is therefore enforceable

The second question is whether the Arbitration Provision is unconscionable and, therefore, unenforceable. The question of unconscionability has two sub-parts: procedural unconscionability and substantive unconscionability. As Claimants explain, "[t]he core concern of unconscionability doctrine is the absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Mohamed v. Uber Techs., Inc.*, 109 F. Supp. 3d 1185, 1204 (N.D. Cal. 2015). The Arbitration Provision here is neither procedurally nor substantively unconscionable.

First, the Arbitration Provision is not procedurally unconscionable. Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise. . . ." *Pinnacle Museum Tower Ass'n v. Pinnacle Market Dev. (US), LLC*, 55 Cal. 4th 223, 246-47 (2012). Claimants argue that the Arbitration Provision is oppressive because it was part of an adhesion contract. (Claimants Motion at 17.) They also complain that they "had no opportunity to negotiate its terms." (*Id.*) Respondents do not dispute that the contract was a "take it or leave it" contract, but dispute that this status makes the Arbitration Provision oppressive. (Resp. Motion at 12.)

Respondents are correct that the Provision's "take it or leave it" nature is not, by itself, dispositive. "The adhesive nature of the contract will not always make it procedurally unconscionable." *Roman v. Superior Court*, 172 Cal. App. 4th 1462, 1479 n.2 (2009). Instead, the question focuses on the parties' relative bargaining power: "When bargaining power is not grossly unequal and reasonable alternatives exist, oppression typically inherent in adhesion contracts is minimal." *Id.* Here, the Claimants executed the TOU as a condition of use of the Handybook site. There is no showing that they had no alternative ways to find cleaning jobs, or that they otherwise were unable to understand the implications of use of the site. Simply choosing to use a site that is made available but which does not invite bargaining does not manifest that one has been oppressed.

Claimants also assert that this provision had an element of "surprise" which rendered the parties' bargaining power unequal. They make six specific arguments. First, Claimants argue that the Arbitration Provision was the seventh-fourth through eightieth paragraphs of an eighty-five paragraph agreement. (Claimants Motion at 18.) Second, they argue that the Arbitration Provision does not include an opt-out provision. (*Id.*) Third, they argue that no arbitration rules are attached to the Agreement. (*Id.* at 19.) Fourth, they argue that "it was difficult to locate the arbitration rules." (*Id.*) Fifth, they argue the Agreement does not explain when the AAA

Consumer rules apply. (*Id.*) And sixth, they argue that the delegation clause is difficult to locate and would surprise a non-lawyer. (*Id.*)

The Arbitration Provision is not oppressive. First, where the provision is located in the agreement is unpersuasive. While there may be eight-five paragraphs in the TOU, including a number that are one sentence, the entire TOU when printed is six pages. Expecting a user of the site to read all six pages is not unreasonable. As for the suggestion that the Arbitration Provision is somehow hidden, in fact it takes up an entire page of the printed document. It was not a "surprise." *See Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 684-85 (1996). Second, an opt-out provision is not necessary as a matter of law. Claimants could have chosen not to enter the TOU when they saw no opt-out provision. *E.g. Lagatree v. Luce, Forward, Hamilton & Scripps LLC*, 74 Cal. App. 4th 1105, 1127 (1999). Third, the Arbitrator finds nothing obfuscatory about referencing the AAA rules through a citation to the website of the AAA and finds more persuasive the cases that conclude there is nothing insufficient in such a reference. *E.g. Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1471-72 (2013). The rules are easily located. The terms under which the Consumer Rules of the AAA apply is sufficiently spelled out in the rules, but in any event the fact that the AAA rules are referenced and not attached to the TOU is not a persuasive argument for procedural unconscionability. Finally, the delegation clause is not unusual. *Id.*

Substantive unconscionability requires a determination of "the fairness of the agreement's actual terms and assessments of whether they are overly harsh or one-sided. A contract term is not substantively unconscionable when it merely gives one side a greater benefit; rather, the term must be so one-sided as to shock the conscience." *Pinnacle Museum Tower Ass'n v. Pinnacle Market Dev. (US), LLC*, 55 Cal. 4th 223, 248 (2012). Claimants argue the Arbitration Provision is substantively unconscionable for many reasons. Claimants argue the Arbitration Provision requires them to bear significant fees and costs that they argue they would not have to bear in court. (Claimants Motion at 22.) But this assertion is merely speculation because the Arbitration Provision does not set the fees and costs of the arbitration; instead, it says only that the AAA rules will govern, that fees may be limited by the AAA Consumer Rules, and, in addition, that "if such costs are determined by the arbitrator to be excessive, Handybook will pay all arbitration fees and expenses." Arbitration Provision at ¶2. The Arbitrator finds the Claimants' argument regarding this provision unpersuasive. The discretion of the Arbitrator is adequate to assure that the fees are fairly assessed and in accordance with California law. Claimants' arguments about the absence of express provision for fee-shifting and other remedies available under the California Labor Code are similarly unpersuasive for the same reasons.

As for the argument about an intellectual property carve-out from the Arbitration Provision, nothing in this arbitration appears to involve intellectual property, so the issue appears irrelevant to the question before the Arbitrator. But even if IP issues were involved, there is nothing unconscionable about a carve-out. *Pinnacle*, 55 Cal. 4th at 246. And as for the fact that Handybook reserves the right to unilaterally modify the TOU at any time, the Arbitrator concludes, as do a majority of courts, that this does not render the Arbitration Provision unconscionable. *E.g. Slaughter v. Stewart Enters., Inc. v. Superior Court*, 66 Cal. App. 4th 1199, 1214 (1998). Moreover, there is no assertion here that Handybook has asserted the power to modify the TOU from the form in which it existed at the time Claimants agreed to it. Absent

6

such a circumstance, the existence of the power to modify does not make the TOU substantively unconscionable. *E.g., Peng v. First Republic Bank.,* 219 Cal. App. 4th 1462, 1473-74 (2013).

Two of Claimants' arguments require further discussion: Claimants argue that the class action and PAGA representative action waivers are unlawful and unconscionable and therefore the entire Arbitration Provision is substantively unconscionable. (Claimants Motion at 22.) As discussed below, the Arbitrator concludes that these provisions do not render the Arbitration Provision unconscionable.

### a. The waiver of class action claims is not unlawful and therefore not unconscionable

Claimants argue that the Arbitration Provision's waiver of class action claims, Arbitration Provision at ¶4, is unlawful and renders the entire Arbitration Provision unconscionable and unenforceable. Specifically, Claimants assert that the class action waiver infringes on the rights of Claimant to engage in "concerted activities for the purpose of . . . mutual aid or protection," a right that is protected by sections 7 and 8(a)(1) of the NLRA. In making this assertion, Claimants here rely on the fact that the NLRB has consistently held that the NLRA prohibits class action waivers in arbitration agreements related to employment. (Claimants Motion at 13.) The Claimants are correct as to the NLRB's position. However, that position is inconsistent with the case law of the Ninth Circuit, which has held that waivers of class action claims are enforceable. *Murphy v. DirecTV, Inc.*, 726 F.3d 1218, 1226 (9th Cir. 2013). The Fifth Circuit agrees. *See also D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 359 (5th Cir. 2013) (same); *but see Lewis v. Epic Systems Corp.*, Case No. 15-2997 (7th Cir. May 26, 2016) (concluding that waiver of class action claims violates the NLRA). The district court here, after due consideration, also rejected Claimants' argument. *Zenelaj*, 82 F. Supp. 3d at 976.

In addition, the California Supreme Court has held that the FAA preempts California law to the extent that it refused to enforce such a waiver on grounds of public policy or unconscionability. *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 359-60 (2014). Therefore, the Arbitrator is persuaded that class action waivers do not invalidate the arbitration agreement within which they are included.

### b. The waiver of PAGA claims is unlawful and should be voided, rendering the PAGA claims arbitrable

Finally, Claimants argue that the Arbitration Provision's waiver of representative actions ("PAGA claims"), Arbitration Provision at ¶4, is unlawful and, therefore, the entire Arbitration Provision should be found unconscionable. As the district court noted, the California Supreme Court has determined that PAGA claims may not be waived. *Iskanian v. CLS Transportation Los Angeles,* LLC, 59 Cal. 4th 348, 359-60 (2014). The waiver of PAGA claims in the Arbitration Agreement is accordingly unenforceable. However, the determination that one provision in the Arbitration Provision is unenforceable does not mean the entire Arbitration Provision is unconscionable and unenforceable. *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1084 (9th Cir. 2007).

Both the Ninth Circuit and the California Supreme Court have addressed the question of the effect of the inclusion of a PAGA waiver in an arbitration agreement, and neither has suggested that the inclusion makes the agreement unconscionable per se. And there is nothing in the California Supreme Court's *Iskanian* decision that appears to preclude arbitration of PAGA claims. The Ninth Circuit, in discussing *Iskanian* and its effect, determined that the *Iskanian* rule prohibiting the waiver of PAGA claims did not preempt the operation of the FAA. *Sakkab v. Luxottica Retail North Am., Inc.*, 803 F.3d 425, 427 (9th Cir. 2015). The Ninth Circuit stated, "the California Supreme Court's decision in *Iskanian* expresses no preference regarding whether individual PAGA claims are litigated or arbitrated. It provides only that representative PAGA claims may not be waived outright . . . . The *Iskanian* rule does not prohibit the arbitration of any type of claim." *Id.* The Ninth Circuit then remanded the *Sakkab* case so that the district court could determine whether the plaintiffs' PAGA claims could be arbitrated or whether they must be litigated instead. *Id.* at 440. This is also what the California Supreme Court in *Iskanian* appears to have done. 59 Cal. 4th at 384-89.

The Arbitrator concludes that while PAGA claims may not be waived, there is nothing in these cases suggesting that parties cannot agree to arbitrate representative PAGA claims. In light of the foregoing, the Arbitrator chooses to proceed under the premise that the FAA's preference for arbitration is a standing injunction to construe the Arbitration Provision to be operative as to all issues that fall within the legitimate scope of its reach. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The Arbitration Provision is accordingly addressed on its plain terms, using ordinary principles of construction to determine what the parties expressly contemplated in the event of a provision being found invalid.

The Arbitration Provision states that if either party elects to arbitrate, except as to disputes "expressly excluded (below)," neither party will have the right to sue in court or have a jury trial. Arbitration Provision at ¶2. It also specifies which disputes are "not subject to the above provisions concerning informal negotiations and binding arbitration." Arbitration Provision at ¶3. PAGA representative claims are not mentioned in that paragraph. Therefore, under the Arbitration Provision, any claim, including a PAGA claim, that is "related to" the terms of the TOU is contemplated by the parties to be arbitrated.

As noted, the Arbitration Provision purports to limit the disputes that may be arbitrated to those that are individual. It states that "[t]o the full extent permitted by law, . . . (c) there is no right or authority for any Dispute to be brought in a purported representative capacity on behalf of the general public or any other persons." Arbitration Provision at ¶4. California law will not permit such a limitation of PAGA actions. Therefore, this subpart is to be considered stricken from the agreement because it is not "permitted by law." Since PAGA claims of the individual variety are expressly contemplated as being disputes that must be asserted in arbitration, and the limitation on representative PAGA claims is stricken, as a matter of contract interpretation, representative PAGA claims are therefore to be brought in arbitration. Confirming this interpretation of the parties' intention is the last paragraph of the Arbitration Provision. It states that "if any portion of [the Arbitration Provision] is found illegal or unenforceable, that portion will be severed and the remainder of the section will be given full force and effect." Arbitration Provision at ¶6. This is an expression of an intention that the Arbitration Provision be construed to require PAGA claims to proceed in arbitration.

The Arbitrator concludes that neither the TOU as a whole, nor the Arbitration Provision in specific, is substantively or procedurally unconscionable. There is nothing that precludes representative PAGA claims from being vindicated fully in arbitration. The procedural complexities relied on by the United States Supreme Court in *AT&T Mobility LLC v. Concepcion* as a basis for permitting class action waivers to be upheld in agreements enforceable under the FAA have no application to representative PAGA actions, which proceed with no more procedural complexity than any other piece of litigation. *See Sakkab,* 803 F.3d at 436. The preference for arbitration expressed in the FAA guides the interpretation of the TOU and its Arbitration Provision. Under the express terms of the Arbitration Provision, labor law claims, including PAGA claims, are to be arbitrated. The contract contemplates the possibility that the effort to exclude representative actions might be unenforceable and still expresses a preference for arbitration. Therefore, the PAGA representative claims may proceed in this arbitration.

The parties should confer and propose a schedule for the remainder of this action.

DATED this 10th day of June, 2016.

Michael D. Zimmerman, Arbitrator